### John C. Conley *vs.* Frank Bryant.

Under the Judiciary Act, cap. 17, § 3, where a defendant has entered his appearance in a case in a district court, the plea of the general issue must be deemed to have been filed and to be a part of the record in the case, not only while it remains in the district court, but also in the Common Pleas Division when it has been certified to that division on the defendant's claim for a jury trial.

Defendant's petition for a new trial.

*March* 18, 1896. Per Curiam. We think the Common Pleas Division erred in holding that the defendant could not avail himself of defences under the general issue because no plea of the general issue had actually been filed in the case. Judiciary Act, cap. 17, § 3,[1] provides that the entry of appearance of the defendant in a case in a district court shall be equivalent to filing a plea of the general issue. This being so, the defendant's entry of appearance in the District Court had the same effect as if a plea of the general issue had in fact been filed. The plea of the general issue, therefore, must be deemed to have been filed and to be a part of the record in the case, not only while it remains in the District Court, but also in the Common Pleas Division, when it has been certified to that division on the defendant's claim for a jury trial.

We also think that the Common Pleas Division erred in giving so broad a construction as it gave to the admission of the defendant's counsel that the debt originally was correct according to the statement of account filed. This admission was evidently intended, and was in effect the usual admission for the purpose of dispensing with the necessity of

---

[1]Re-enacted.   Gen. Laws R. I. cap. 237, § 3.

proof by the plaintiff of the items of the account as contained in his book of entries. It was not intended to go to the length of conceding that the account constituted a legal claim against the defendant.

Defendant's petition for a new trial granted, and case remitted to the Common Pleas Division.

*John J. Arnold,* for plaintiff.
*Peter J. Quinn,* for defendant.