JAMES J. McGARRY *vs.* RHODE ISLAND MUTUAL
INSURANCE COMPANY.

FEBRUARY 19, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.   This is an action of trespass on the case for negligence which is here on the plaintiff's single exception to the decision of the superior court sustaining a demurrer to his second amended declaration.   The demurrer alleged that the declaration did not state a cause of action.

The declaration is in two counts.   The first count alleges

338

that it was the duty of defendant to use diligence and care in the settlement of a claim made against plaintiff for damages as the result of an automobile accident in which he was involved; that defendant negligently refused to settle such claim before and during the trial thereof; that settlement could have been made within the limits of the policy, namely, $5,000, which defendant had issued to plaintiff and which was in force and effect at the time of the accident; that defendant was apprised of such opportunity to settle; and that nevertheless under its exclusive control of litigation by virtue of the provisions of the policy it persisted in proceeding with the trial, as a result of which a verdict of $16,500 was rendered against plaintiff. The second count is substantially similar except that the breach of duty is that defendant "acted in bad faith in refusing to settle the claim * * *."

In his brief and argument before us plaintiff contends that the superior court erred in not recognizing that the law generally authorizes an action by the insured against his insurer under a liability insurance policy where the insurer as a result of its negligence or bad faith has failed to obtain a settlement within the limits of the policy when one could have been obtained. In support of this principle he cites Anno., 40 A.L.R.2d 168, and several cases from jurisdictions outside this state, since he points out that the issue involved has not been passed upon by this court.

However, it appears from defendant's brief that there is no controversy between the parties over this principle. The defendant states therein, "The appellee joins with the appellant in the contention that an insurance carrier can be held liable for any excess over the policy limits if it is proven that the carrier defended a suit instead of settling same through its negligence or bad faith." The defendant contends that the real controversy is that plaintiff's count contains only "the bare allegation that the appellee [defendant] was guilty of negligence for refusing to settle the

matter within the policy limits when it had an opportunity to do so without alleging any reason whatsoever which would constitute a breach of its duty to the assured." The defendant argues that the count should allege a "specific breach of any duty either of negligence or bad faith" in order to state a cause of action.

We are of the opinion that such objections to the declaration are valid and that the superior court did not err in sustaining defendant's demurrer. The primary purpose of pleading is to define with clearness and reasonable certainty the issue or issues which are to be tried. The declaration should apprise defendant of the ground or grounds of plaintiff's complaint against it. This is an indispensable requisite of a good declaration in order to enable defendant to defend itself properly and not be taken by surprise. Consistently with this rule a plaintiff who alleges a certain liability of a defendant must state the fact or facts upon which such claim of liability rests. To allege merely the liability is to state a conclusion of law, and the statement of such a conclusion unaccompanied by an allegation of the facts out of which the liability arises renders the declaration demurrable. Of course only ultimate facts need be averred.

In the case at bar there is a clear failure in each count to allege the ultimate fact or facts upon which the plaintiff predicates his claim of the defendant's liability for either negligent conduct or bad faith. In the circumstances the defendant is at a loss to know in what its alleged negligence or bad faith consisted. The mere allegation of a refusal on its part to settle the claim is not sufficient to meet this requirement. The plaintiff should specify in what respect the alleged negligence or bad faith arose.

The plaintiff's exception to the decision sustaining the demurrer is overruled, and the case is remitted to the superior court for further proceedings.

*Edward P. Gallogly,* for plaintiff.
*James E. Flannery,* for defendant.