CORO FEDERAL CREDIT UNION *vs.* ALBERT M. CORREIA.

OCTOBER 25, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is an action in assumpsit on a promissory note. The case was heard by a justice of the superior court sitting without the intervention of a jury, who thereafter entered decision for the defendant. The case is in this court on the plaintiff's exception to that decision.

The facts concerning the note are not in dispute. It was executed in the amount of $384 by defendant on March 27, 1957 and delivered to plaintiff. The defendant stipulated

orally during the trial that the note was due at that time and remained unpaid.

It appears from the record that defendant's responsive pleading to the declaration was entitled "Defendant's Plea Of Discharge In Bankruptcy." He alleged in part therein "that the plaintiff ought not to have its aforesaid action against him, the defendant, because he says that after the making of the several supposed promises in the said declaration mentioned, and before the commencement of this suit, to wit: on the 27th day of February, A.D. 1961, the United States District Court for Massachusetts adjudicated the defendant a bankrupt." The defendant in this pleading further alleged that the debt was provable against his estate and that under the federal bankruptcy act it was not excepted from the operation of a discharge in bankruptcy.

To this plea plaintiff filed a replication wherein by way of confession and avoidance he alleged: "The plaintiff pleads precludi non to the defendant's plea of discharge in bankruptcy on the ground that the defendant failed to list the plaintiff as one of his creditors in his schedules of debts in his petition for discharge in bankruptcy. Consequently, the plaintiff's claim, which is the subject of the cause of action has not been discharged and this the plaintiff stands ready to verify. Wherefore it prays judgment."

The case was tried in the superior court on the issue of plaintiff's notice or actual knowledge of the bankruptcy proceeding as contemplated in sec. 17 of the bankruptcy act, 11 U.S.C. §35. The trial justice found that plaintiff had actual knowledge of the proceeding in bankruptcy and gave decision to defendant.

The plaintiff in this court contends that the trial justice erred because no competent evidence of defendant's discharge had been adduced by him. The defendant contends in reply that plaintiff's replication was a plea of confession and avoidance, the effect of which was to admit the discharge in bankruptcy and to render proof thereof unneces-

sary. To this contention plaintiff replies that defendant's plea contained no allegation of a discharge in bankruptcy and for that reason its replication should not be held to constitute an admission that defendant was in fact discharged.

It is our opinion that the short answer to this argument is that plaintiff, by its replication, framed the precise issue upon which the case went to trial. The plaintiff alleged specifically therein that defendant's plea was a plea of discharge in bankruptcy and that its claim against defendant was not included within the schedule of debts listed in the petition for such discharge and therefore was not within the scope of the discharge. In so doing, plaintiff complied with the primary purpose of pleading, that is, to define with clearness and reasonable certainty the issue to be tried. *McGarry* v. *Rhode Island Mutual Ins. Co.*, 90 R. I. 337, 158 A.2d 156.

The plaintiff, in our opinion, by propounding such a precise issue for trial, that is, that its claim against the defendant was not within the scope of the discharge in bankruptcy, foreclosed its right to challenge subsequent to trial thereon the validity of the defendant's plea on the ground that it was defective in its allegations concerning the discharge in bankruptcy. The plaintiff framed the issue and went to trial thereon. It cannot now, in our opinion, be allowed to complain that upon the trial of the issue, which posits the discharge in bankruptcy, it was error on the part of the trial justice not to require the defendant to formally prove the discharge.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*George Ajootian,* for defendant.