250 A.2d 709.

FRIENDLY FINANCE CORPORATION *vs.* ANTHONY CALISE.

MARCH 6, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This case is before us on the defendant's petition for certiorari wherein he seeks review of a ruling of a justice of the superior court denying his motion to answer a civil action out of time.

The plaintiff sued defendant on a promissory note. Personal service on defendant and attachment of his real and personal property was effected on February 20, 1968. The defendant did not answer the complaint against him within the 20 days required by Rule 12(a) of the rules of civil procedure of the superior court. On June 11, 1968, how-

ever, defendant filed his motion in superior court asking that he be allowed to answer the case out of time.

The defendant's motion was based upon the pertinent provisions of Rule 6(b)(2) of the superior court rules of civil procedure which reads as follows:

> "When by these rules or by a notice given there-under or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."

When defendant filed his motion and asked the superior court for permission to file a late answer, it became his burden to show the trial court that his dilatory conduct was the result of excusable neglect. *United States* v. *York Electric Constr. Co.*, 25 F.R.D. 478; 2 Moore's, *Federal Practice* (2d ed.), §6.08, at 1481-82. Professor Moore points out that most courts have liberally interpreted Rule 6(b). Nevertheless, a litigant cannot avail himself of such a principle until he has first put forward sufficient facts upon which it can operate.

At the hearing on his motion, an affidavit executed by defendant was introduced into evidence. The pertinent part of this document reads as follows:

> "1. I was served with a Writ on the above matter on February 20, 1968 and immediately contacted Plaintiff with regard to same;
>
> "2. I explained to a representative of Plaintiff corporation that this obligation was not mine, but was one owed by a Jack Pollins, originally connected with Plaintiff corporation;
>
> "3. As a result of my conference with the representative of Plaintiff corporation, namely, Melvin Lasher, I believed that no further action would be taken with regard to the Summons, Attachment and Complaint served on me, and for that reason I did not obtain

an attorney to answer my case in Court, as I felt that the matter had been disposed of * * *"

In denying defendant's motion, the trial justice directed his attention to averment No. 3 wherein defendant alleges that as a result of his conference with Lasher, he believed no further action would be taken in the pending suit. The trial judge observed that the affidavit was completely silent as to what Lasher said or did at the meeting. There was an absence of any facts which would show the basis for defendant's conclusion that the suit on the promissory note would not be pressed. The defendant's professed belief as to the result of his conference with Lasher, the court declared, was insufficient to establish excusable neglect. The court offered defendant an opportunity to amend his affidavit to include therein a detailing of the conversation or the actions of Lasher, but defendant preferred to rest on the averments set forth in his affidavit.

In our opinion the defendant's affidavit is insufficient. As the trial court aptly pointed out, it states no facts which show the substance of the defendant's conversation with Mr. Lasher. We therefore feel that the defendant has failed to make a proper showing that his stated conclusion as to the disposition of the case was well founded. The defendant's motion was directed to the trial justice's sound discretion. We find no abuse thereof in the denial of this motion.

The petition for certiorari is denied and dismissed. The writ heretofore issued is quashed. The records certified to us are remitted to the superior court.

*Domenic Tudino, Gordon C. Mulligan*, for plaintiff.

*Marvin A. Brill*, for defendant.