Karen **MARTIN** et al.

v.

**Maria LILLY and Dean Auto Body, Inc.**

**No. 82–132–Appeal.**

Supreme Court of Rhode Island.

March 12, 1986.

Anthony T. Jackvony, Oleg Nikolyszyn, Jackvony Dimitri & Shapira, Providence, for plaintiff.

John J. Bevilacqua, Anthony E. DeSimone, Bevilacqua DeSimone & Gosz, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the appeal of Dean Auto Body, Inc. (Dean), from a judgment entered in the Superior Court in favor of the plaintiffs. We affirm the judgment. The facts and background of the case are as follows.

On June 20, 1972, two cars collided at an intersection in Providence. In one car, owned by George B. Bibeault (George), were Beatrice Bibeault (Beatrice), George's wife, and Karen Martin (Karen), the driver. The other car was driven by Maria Lilly (Maria) and allegedly owned by Dean. As a result of this accident, three actions for damages were filed in the District Court.

The first action was brought on July 3, 1974, by George against Dean for the damage done to his car. The second action was filed on October 21, 1974, by Maria and her husband, Moses Lilly, against George and Karen. These two actions were consolidated, by order, on November 6, 1974. On April 21, 1975, the third action was filed by Karen, George, and Beatrice against Dean and Maria for personal injuries suffered in the accident. By stipulation, filed April 21, 1975, this case was consolidated with the two previously consolidated cases. The cases filed against George and Dean were brought pursuant to G.L.1956 (1968 Reenactment) § 31–33–6, which makes the owner of a motor vehicle liable for the acts of any driver who has his consent to use the vehicle.

George and Karen answered the action brought by the Lillys. Dean filed a gener-

al denial to allegations set forth in the property-damage action brought by George but did not file an answer to the personal-injury action brought by Karen, George, and Beatrice.

After trial in the District Court, judgment was entered for $3,500 in favor of Beatrice against Maria and Dean; for $1 in favor of Karen against Maria; and for $730.70 in favor of George against Maria and Dean. In the third case, Maria and Moses Lilly recovered nothing. Dean appealed to the Superior Court on February 6, 1976, those judgments in which it was held liable and requested a jury trial.[1]

The two cases remained consolidated for trial in the Superior Court, and trial began on May 20, 1980. The plaintiffs presented, through the testimony of Karen, evidence of Dean's ownership of the vehicle driven by Maria. Karen testified that she asked Maria for her license and registration at the scene of the accident. Karen then testified that Maria gave her the license but said that the car belonged to Dean Auto Body. Defense counsel's hearsay objection was overruled.

On the afternoon of May 21, 1980, the second day of trial, after plaintiffs had rested and the defense had presented its second witness, Dean's counsel informed the court and plaintiffs' counsel that he intended to move to amend its answer to assert the defenses of lack of consent and lack of ownership. The following day, the last day of trial, a motion accompanied by a proposed amended answer was filed with the court. Both counsel presented arguments, and Dean made an offer of proof indicating the evidence it would produce to dispute ownership.

The trial justice denied Dean's motion, holding that Dean was required to plead affirmatively lack of ownership and lack of

consent in its answer. Because Dean failed to plead these so-called affirmative defenses, the trial justice held that they had been waived. Furthermore, the trial justice pointed out that Dean had never answered the action brought by Karen, George, and Beatrice for personal injuries. Finally, the trial justice refused to allow an amendment under Rule 15 of the Superior Court Rules of Civil Procedure because it would be impossible for plaintiffs to verify ownership since registry records are kept for only three years. For the foregoing reasons, Dean was not allowed to present evidence to dispute ownership.

At the close of plaintiffs' case and also at the close of the evidence, Dean moved for a directed verdict. The trial justice, after reviewing the evidence, denied the motions, holding that as a matter of law there were factual issues to be tried by the jury.[2]

This appeal raises three issues (two of which were raised by counsel): (1) whether Dean's appeal of the action brought by George for property damage is properly before this court; (2) whether the trial justice's denial of the motion to amend Dean's answers to add the defenses of lack of consent and ownership was proper; and (3) whether the trial justice's denial of the motion for directed verdict was proper. We answer the first issue in the negative and the second and third issues in the affirmative.

I

THE VALIDITY OF DEAN'S
APPEAL OF

GEORGE B. BIBEAULT V. DEAN
AUTO BODY, INC.

 The three actions that arose from this accident were consolidated in the Dis-

---

1. Maria did not file an appeal to the Superior Court, nor did she attend the Superior Court trial. She was, however, represented by counsel at the Superior Court trial.

2. The jury returned verdicts for plaintiffs. In the property-damage action, a judgment of

$1,650 was entered in favor of George against Dean. In the personal-injury action, three judgments were entered against Dean and Maria: $6,500 for Karen; $693.75 for George; and $21,000 for Beatrice.

trict Court. The two cases appealed to the Superior Court remained consolidated for trial in that court. The first action, *George B. Bibeault v. Dean Auto Body, Inc.*, for property damage, was docketed as civil action No. 76–747 (No. 76–747). The second case, *Karen Martin, Beatrice Bibeault and George B. Bibeault v. Maria Lilly and Dean Auto Body, Inc.*, sought damages for personal injury and was docketed as civil action No. 76–749 (No. 76–749).

Our examination of the record has disclosed that Dean did not file a notice of appeal of the judgment entered in No. 76–747. Therefore, this purported appeal is not before us.

Rule 42(a) of the Superior and District Court Rules of Civil Procedure allows the consolidation of actions that involve "common question[s] of law and fact." It is important, however, to remember that consolidation is allowed to avoid unnecessary costs or delay and does not result in a merger of the cases. This rule was first enunciated in *Giguere v. Yellow Cab Co.*, 59 R.I. 248, 250–51, 195 A. 214, 216 (1937), where the court held:

"The consolidation of cases for trial only does not operate as a merger of the different cases into one, but merely permits them to be tried together before the same justice or jury to avoid unnecessary delay and expense in the administration of justice. The causes of action remain distinct throughout such a trial * * *."

We have continued to adhere to this view. *See, e.g., Mendes v. Mendes*, 111 R.I. 571, 577, 305 A.2d 97, 101 (1973); *Marandola v. Hillcrest Builders, Inc.*, 102 R.I. 46, 49–50, 227 A.2d 785, 788 (1967); *Rich v. Rich*, 94 R.I. 220, 222, 179 A.2d 498, 500 (1962); *see also* 1 Kent, *R.I. Civ. Prac.* § 42.2 at 336–38 (1969).

The consolidation for trial of Nos. 76–747 and 76–749 did not result in their merging into one case. Each case remained separate, and judgments were entered under their respective docket numbers. Because they continued to be separate and distinct actions, Dean was required to file a notice of appeal for each judgment. Dean did not file a notice of appeal for No. 76–747; therefore, we hold that the appeal of No. 76–747 is not properly before us. In order that an appeal be properly before this court, Rule 3(a) of the Supreme Court Rules of Appellate Procedure requires the timely filing of a notice of appeal[3]. Rule 3(a) makes clear that failure to file a timely notice of appeal renders any purported appeal invalid. Cases applying Rule 3(a) have suggested that this requirement may be a jurisdictional prerequisite. *Hood v. Hawkins*, 478 A.2d 181, 184 (R.I.1984); *Smith v. Smith*, 119 R.I. 642, 645, 382 A.2d 182, 183 (1978). *But see Martin v. Estrella*, 107 R.I. 247, 250–51, 266 A.2d 41, 44–45 (1970). Whether or not this requirement is jurisdictional, it is certainly a necessary condition precedent to the filing of an appeal. Weisberger, *Rhode Island Appellate Practice* 14–15 (1985); *see also Title Investment Co. of America v. Fowler*, 504 A.2d 1010, 1011–12 (R.I.1986).

■ To file a proper notice of appeal, an appellant must follow the requirements of Rule 3(c), which states, "[t]he notice of appeal shall specify the party or parties taking the appeal and shall designate the judgment, order or decree or part thereof appealed from." The court files in these cases contain one notice of appeal. This notice of appeal, filed on July 8, 1980, only specified an appeal from the judgment in No. 76–749. There is no notice of appeal in civil action No. 76–747, and the notice filed with civil action No. 76–749 did not include

3. Rule of the Supreme Court Rules provides: "Appeal—How taken.—(a) Filing the Notice of Appeal. An appeal permitted by law from a trial court to the Supreme Court shall be taken by filing a notice of appeal in the trial court. Failure of an appellant to take any step other than the timely filing of a notice of appeal or payment of a filing fee as prescribed by these rules does not affect the validity of the appeal, but is ground only for such action as the Supreme Court or trial court deems appropriate, which may include dismissal of the appeal."

No. 76–747, as required by Rule 3(c), and therefore cannot be treated as a notice of appeal from the judgment in No. 76–747. Finally, Dean failed to comply with a second condition precedent to a valid appeal. Rule 3(a) requires the payment of a filing fee in order to perfect an appeal. Rule 5(a) requires that "[e]very person appealing from a judgment * * * shall pay a filing fee * * *." We have stated that payment of the proper fee is a second prerequisite to a valid appeal. *Smith v. Smith*, 119 R.I. at 645 n. 1, 382 A.2d at 183 n. 1. As Rule 5(a) makes clear, each judgment requires a separate fee. If this were a joint appeal, our rules would have required two separate filing fees. Sup.Ct.R. 5(a). Only one fee was paid in this case, and that fee accompanied the notice of appeal from the judgment in No. 74–749.

Having concluded that the two conditions precedent for a valid appeal were not complied with in No. 76–747, we hold that only No. 76–749 is properly before us, and we dismiss the purported appeal from the judgment in No. 76–747.

## II

### DENIAL OF THE MOTION TO AMEND

After plaintiffs had rested and after the defense had presented two witnesses, Dean filed a motion to amend its answer to assert the defenses of lack of ownership and lack of consent. The trial justice denied this motion, and Dean appealed. Before reaching the merits on this issue, we think it is necessary to discuss briefly the operation of §§ 31–33–6 and 31–33–7 so as to clarify the manner in which these statutes operate.

The actions against Dean were based on § 31–33–6.[4] There was no allegation of the application of § 31–33–7[5] in the complaint, and the judge did not instruct the jury concerning § 31–33–7. Having not alleged § 31–33–7 in their complaint, plaintiffs did not raise § 31–33–7 and were not entitled to its benefits. *See Battista v. Muscatelli*, 106 R.I. 514, 516–17, 261 A.2d 636, 638 (1970) (stating that § § 31–33–6 and 31–33–7 are separate, and plaintiffs must allege § 31–33–7 to trigger its application). Because the complaint did not assert the application of § 31–33–7, Dean was not required to plead affirmatively lack of consent. If the complaints had alleged the application of § 31–33–7, Dean would have been required to plead affirmatively lack of consent. However, even if § 31–33–7 had been invoked, Dean would not have been required to plead affirmatively lack of ownership or registration. An answer denying plaintiffs' allegations would have sufficed. To achieve the benefits of § 31–33–7, plaintiffs would have first to prove registration. *Gemma v. Rotondo*, 62 R.I. 293, 295–96, 5 A.2d 297, 299 (1939), and defendants could traverse the fact of registration without the necessity of an affirmative plea.

As we have stated, the case against Dean was premised solely on § 31–33–6. Without question, plaintiffs must prove each essential element of their action to

---

4. General Laws 1956 (1968 Reenactment) § 31–33–6 provides:

"Owner's liability for acts of others.—Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the driver thereof, if other than such owner, or lessee, or bailee, shall in case of accident be deemed to be the agent of the owner, or lessee, or bailee, of such motor vehicle unless such driver shall have furnished proof of financial responsibility in the amount set forth in chapter 32 of this title, prior to such accident; and for the purposes of this section the term 'owner' shall include any person, firm, copartnership, association or corporation having the lawful possession or control of a motor vehicle under a written sale agreement."

5. Section 31–33–7 provides:

"Prima facie evidence of consent of owner. —In all civil proceedings, evidence that at the time of such accident or collision the motor vehicle was registered in the name of the defendant shall be prima facie evidence that it was being operated with the consent of said defendant, and absence of such consent shall be an affirmative defense to be set up in the answer and proved by the defendant."

recover. *Budwee v. New England Motors, Inc.*, 99 R.I. 663, 668, 210 A.2d 131, 134 (1965). To recover under this statute, plaintiffs were required to prove four elements: (1) that the driver (Maria) was negligent; (2) that the car was being operated on a public highway; (3) that the car was owned by defendant; and (4) that the car was driven with the owner's (Dean's) consent. *See* section 31–33–6 at note 4, *supra; see also Budwee*, 99 R.I. at 668, 210 A.2d at 134; *Avedesian v. Butler Auto Sales, Inc.*, 93 R.I. 4, 15, 170 A.2d 604, 610 (1961).

To oppose any of these elements, all a defendant must do is file an answer disputing the essential facts asserted in the complaint. *Duquette v. Godbout*, 416 A.2d 669, 671 (R.I.1980). Therefore, we conclude that an answer denying plaintiffs' claim based on § 31–33–6 would entitle defendant to produce evidence challenging plaintiffs' allegations on any essential elements. However, if a plaintiff alleges that the defendant is the registered owner, then § 31–33–7 would be applicable and defendant would be required to plead affirmatively absence of consent. In the case at bar, an answer that denied ownership and consent would have sufficed to meet the allegations of this complaint.

■ These principles, however, are of no help to Dean's appeal. Dean never answered No. 74–749. Rule 8(b) of the Superior and District Court Rules of Civil Procedure requires a party to "admit or deny the averments upon which the adverse party relies." Under Rule 12(a) of the Superior and District Court Rules of Civil Procedure, the answer must be filed within twenty days of service of the complaint. Failure to deny an averment results in a judicial admission of the alleged fact. Super. R.Civ.P. 8(d); Dist. R. Civ. P. 8(d); 1 Kent, *R.I.Civ.Prac.* § 8.5 at 86 (1969); McCormick, *Evidence* § 262 at 776 (3d ed.

Cleary 1984). A judicially admitted fact is conclusively established, *Bengtson v. Hines*, 457 A.2d 247, 250 (R.I.1983); *Carter v. Munson*, 452 A.2d 309, 310 (R.I.1982), that is, removed from the area of controversy, obviating the need of the plaintiff to produce evidence on the fact and precluding the defendant from challenging the fact. *Bengtson*, 457 A.2d at 250; Friedenthal, Kane and Miller, *Civil Procedure* § 5.18 at 283 (1985); Clark, *Code Pleadings* § 91 at 579–80 (2d ed. 1947). By not answering the allegations of ownership and consent, Dean admitted these facts and every other allegation relating to liability in the complaint. The trial justice therefore properly precluded Dean from introducing evidence to challenge the facts of ownership and consent.[6]

■ For the reasons stated above, we affirm the trial justice's denial of the motion to "amend" the answer. Further, although Dean's motion with respect to No. 74–749 was not a Rule 15(b) motion because no answer existed to amend, the trial justice's denial of Dean's motion to amend a nonexistent answer and preclusion of evidence challenging lack of ownership and lack of consent was correct. The trial justice had determined that to allow Dean to challenge ownership and consent at that juncture would severely prejudice plaintiffs because of the impossibility of obtaining registry records to verify ownership. *See Order of St. Benedict v. Gordon*, 417 A.2d 881, 883 (R.I.1980) (final decision of whether to allow amendments rests with discretion of trial justice). *See also Friendly Finance Corp. v. Calise*, 105 R.I. 203, 205, 250 A.2d 709, 711 (1969); *Barth v. Flad*, 99 R.I. 446, 448, 208 A.2d 533, 534–35 (1965); Super.R.Civ.P. 6(b)(2) (these authorities state that the decision to grant a motion for permission to file a late answer is ad-

---

6. Under prior statutory practice the entry of an appearance in the District Court was equivalent to the filing of a plea of the general issue. G.L. 1956 § 9–12–5. Pursuant to that statute, a defendant was entitled to challenge a plaintiff's allegations without filing a formal plea. *Conley*

*v. Bryant*, 19 R.I. 404, 35 A. 309 (1896). This provision, however, was repealed effective January 10, 1966, by P.L.1965, ch. 55, § 25. Thereafter practice has been governed by the rules of civil procedure.

dressed to the trial court's sound discretion and will not be disturbed unless an abuse of discretion is shown). As the trial justice pointed out, trial by ambush is no longer allowed under our modern view of pleadings. The purpose of modern pleadings is "to define with clearness and reasonable certainty the issue to be tried." *Coro Federal Credit Union v. Correia*, 95 R.I. 134, 136, 185 A.2d 106, 107 (1962); *McGarry v. Rhode Island Mutual Insurance Co.*, 90 R.I. 337, 339, 158 A.2d 156, 157 (1960). Dean's attempt to challenge ownership, raised for the first time after plaintiffs had rested and at a time when plaintiffs could no longer obtain registry records, would constitute trial by ambush, and the motion to amend was properly denied.

## III

### DENIAL OF THE MOTION FOR DIRECTED VERDICT

■ The final issue under review is whether the trial justice properly denied Dean's motion for a directed verdict. Dean claims that it was entitled to a directed verdict because the only evidence produced by plaintiffs to show Dean's ownership of the car was inadmissible hearsay and, therefore, plaintiffs failed to make out a prima facie case.

In the ordinary case, as we stated in *Young v. Park*, 417 A.2d 889, 893 (R.I. 1980), in reviewing a trial justice's decision on a motion for directed verdict, "we have the same duty as the trial justice to view the evidence and the inferences to which it is reasonably susceptible in the light most favorable to [the plaintiff]. We do this without weighing the evidence or assessing the credibility of witnesses. Instead, we decide whether the evidence is sufficient in law to support a verdict for the plaintiff." *See also Thomas v. Amway Corp.*, 488 A.2d 716, 718 (R.I.1985); *Souza v. Narragansett Council, Boy Scouts of America*, 488 A.2d 713, 714–15 (R.I.1985). In the case at bar the trial justice could have reached only one conclusion.

In the instant case all allegations in respect to liability, ownership, and consent had been admitted by the failure of Dean to file an answer denying the essential averments of the complaint. Consequently, any evidence purportedly admitted in support of these allegations was mere surplusage. Therefore, we need not reach the issue of the admissibility of Maria's hearsay declaration. In light of Dean's judicial admissions, the only issue remaining to be resolved was damages. 1 Kent, § 8.5 at 86 (averments of damages are not admitted if not denied). Since an entry of appearance had been made on Dean's behalf, it was entitled to an evidentiary hearing on the issue of damages just as it would have been in the case of the entry of a formal default. *See* Super.R.Civ.P. 55(b)(2). Since no default had been entered, the case was submitted to a jury. No error inhered in this procedure.

For the reasons stated, the purported appeal from civil action No. 76–747 is not properly before us and is dismissed pro forma; the appeal from civil action No. 76–749 is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.

BEVILACQUA, C.J., and SHEA, J., did not participate.