DECISION
Before this Court is an appeal of a decision of the Zoning Board of Review of the City of Pawtucket ("Board"), granting Churchill 
Banks' applications for six special use permits. Theresa Landry ("appellant") seeks reversal of the Board's decision. Jurisdiction is pursuant to G. L. 1956 § 45-24-69.
 FACTS/TRAVEL
In 2000, Churchill Banks submitted six applications for special use permits for its plans to build a Stop Stop complex in the City of Pawtucket. The applications sought special use permits for two restaurants, two drive-up windows, one multi-tenant commercial structure, and one fueling facility. The 2000 applications were heard before the Board and denied on September 6, 2000 due to findings about traffic and safety congestion. Churchill Banks appealed the denials to the Superior Court and the Superior Court affirmed the denials. They have since appealed the decision of the Superior Court to the Supreme Court where the case is still pending.
On December 28, 2001, after making changes to the project and revising its plans, Churchill Banks submitted six new applications for special use permits to the Board. The six new zoning applications were consolidated for a hearing before the Board on January 29, 2002. The appellant opposed the granting of the permits and was present at the hearing and represented by counsel. On February 5, 2002, after finding that the new applications represented a "substantial change" over the 2000 applications as required by the applicable zoning ordinance, the Board voted to grant the special use permits. On March 14, 2002, the Board issued six different decisions. On April 3, 2002, the appellant timely filed the instant appeal to challenge the validity of the Board's decisions. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 APPEAL NOT PROPERLY BEFORE THE COURT
The Superior Court has appellate jurisdiction over appeals of zoning board of review decisions pursuant to G.L. § 45-24-69. In pertinent part this section provides that:
 "(a) An aggrieved party may appeal a decision of the zoning board of review to the superior court for the county in which the city or town is situated by filing a complaint stating the reasons of appeal within twenty (20) days after the
decision has been recorded and posted in the office of the city or town clerk. The decision shall be posted in a location visible to the public in the city or town hall for a period of twenty (20) days following the recording of the
decision in the office of the city or town clerk." (Emphasis added.)
In challenging this Court's authority to entertain this appeal, appellees argue that this statute only allows for the appeal to the Superior Court of any individual decision of a zoning board of review. In construing G.L. § 45-24-69, this Court agrees with the appellees and concludes that the plain wording of the statute requires that there be a corresponding complaint for each decision of a zoning board that is being appealed.
 "When a question is a matter of statutory construction, the reviewing court first must look to the plain and ordinary meaning of the statutory language. (Internal cite omitted.) `If the language is clear on its face, then the plain meaning of the statute must be given effect' and this Court should not look elsewhere to discern the legislative intent." See Henderson v. Henderson,. Appeal No. 2001-608 and M.P. No. 2001-544, slip op. at 5 (R.I. March 11, 2003) (per curiam) (quoting Gilbane Co. v. Poulas, 576 A.2d 1195, 1196 (R.I. 1990)).
In the instant appeal, appellant filed only one complaint for the six decisions of the Board. It is well settled that a civil action in the Superior Court, such as that referenced in the zoning appeal statute, G.L. § 45-24-69, is commenced (1) by filing a complaint with the court together with payment of the entry fee prescribed by law, or (2) by depositing the complaint with said fee in the mail addressed to the clerk. See Super R. Civ. P. 3. The required filing fee is $135.00 for entry of every civil action or petition. See G.L. § 9-29-17. In the instant appeal, because appellant filed only one complaint, she paid only one $135.00 filing fee for the six decisions that she is attempting to appeal. Although it is true that these six special use permit applications were consolidated for a hearing before the Board, they still remained separate actions requiring separate Board consideration of the merits of each petition and necessitated separate decisions. As such, each of the Board's decisions must be appealed separately to the Superior Court, which means filing a separate complaint for each and paying a separate filing fee for each. These two requirements are jurisdictional prerequisites.
The requirements of a separate complaint and separate filing fee for each decision being appealed was discussed in Martin v. Lilly,505 A.2d 1156 (R.I. 1986). In that case, where three separate actions arising out of an automobile accident were consolidated for trial, the court held that each action had to be appealed separately. The court wrote:
 "The consolidation for trial of Nos. 76-747 and 76-749 did not result in their merging into one case. Each case remained separate, and judgments were entered under their respective docket numbers. Because they continued to be separate and distinct actions, Dean was required to file a notice of appeal for each judgment . . . . Each judgment requires a separate fee." Id. at 1159-60.
The Martin Court went on to hold that the two prerequisites required for filing an appeal are a separate notice of appeal and separate filing fee for each judgment being appealed. Therefore, since the notice of appeal from one of the judgment's being appealed did not include the other, the court could only accept the one appeal that was properly before the court.[1]
The Martin holding was more recently confirmed in the case of State ofRhode Island Water Resources Board v. Kenneth Howard et al., 729 A.2d 712
(1999), where the state's highest court ruled that a notice of appeal incorporating eleven cases that had been consolidated for trial and where payment of only one filing fee had been made, was subject to summary dismissal. There, evicted tenants filed a notice of appeal which incorporated all eleven of the case numbers from the judgments below, but only one fee was paid. The court held that the appeal was not properly before the court because the two requirements of separate notices filed and separate filing fees had not been satisfied.
Both of the above referenced cases involve appeals to the Supreme Court. However, this Court deems the holdings equally pertinent, persuasive, and applicable to appeals to the Superior Court. Accordingly, this Court can only conclude that appellant's filing of one appellate complaint and payment of one filing fee for six separate Board decisions creates for appellant an insurmountable jurisdictional infirmity. The zoning decisions at issue in this case were written separately to correspond to the six separate special use permit applications.[2]
Furthermore, each decision was given its own decision number ranging from 02-13 to 02-18. Although the applications were considered in unison by the Board because of their interconnected relationship to the overall commercial Stop and Shop development proposal, they did not merge into one case. The applications were decided individually and, therefore, they must be appealed individually.
 CONCLUSION
In order for these zoning decisions to be properly appealed to this Court, the appellant had to satisfy the two statutorily required jurisdictional prerequisites of filing six separate complaints and paying six separate court fees. The failure to do so in this case has deprived this Court of its appellate jurisdiction conferred by G.L. §45-24-69(a). Accordingly, appellant's complaint is dismissed.
[1] The court accepted one of the two appeals brought in that case because it was clear which case was included in the notice of appeal. In the case before this Court, it is unclear which if any of the six decisions was meant to be appealed in this specific complaint. Therefore, this Court declines to choose which appeal to accept as properly filed.
[2] Each application was filled out and filed separately along with a $100.00 application fee that was filed with each of the six special use permit applications as required by the City of Pawtucket zoning ordinance § 202-5.