## CIRCUIT COURT OF FAIRFAX COUNTY

Boland

v.

Kines
and Yang

October 21, 1994

Case No. (Law) 131504

BY JUDGE THOMAS A. FORTKORT

This case was taken under advisement on October 7, 1994, to decide the issue of whether the case ought to be severed.

The plaintiff was injured in a traffic accident with Kines in Fairfax County on April 25, 1992. He sustained back injuries in this accident, and while recuperating and undergoing treatment for the first injury, was involved in a second traffic accident in Albemarle County on June 5, 1992. The defendant Yang was involved in this second accident. In this second injury, Boland is alleged to have suffered aggravating injuries to his back.

The plaintiff filed suit naming Yang and Kines as co-defendants in one action, arguing that the injury suffered by Boland is a single indivisible injury for which a jury must apportion responsibility among the two defendants.

Yang argues that this is an improper joinder of claims. The plaintiff cites *Dickenson v. Tabb*, 208 Va. 184, 156 S.E.2d 795 (1967), as supporting the joining of cases of independent negligent acts resulting in a single indivisible injury to a plaintiff.

In that case, the traffic accidents causing the injury occurred within minutes of each other, at the same location, and involved substantially the same witnesses and evidence. In the case before this court, these characteristics are not present.

However, the pleadings allege that the defendants are joint tortfeasors. As such they are proper parties to this suit. If by their independent negligent acts they caused a single injury to the plaintiff, a jury may properly

find them concurrently negligent. If the injury is not susceptible of precise apportionment as between the joint tortfeasors, then the rule of *Dickenson* applies, and "either or both are responsible for the whole injury." *Dickenson* at 192. Since the plaintiff still bears the burden of proving negligence and causation in the second accident, the defendant is not prejudiced by a joint trial.

Since both tortfeasors would be jointly and severally liable and the plaintiff might recover from both in separate actions, this court sees no reason why the plaintiff should have to conduct two separate trials and attempt to collect two separate judgments. Moreover, § 8.01-34 allows the joint tortfeasor to seek contribution from any other tortfeasor, so it makes little difference whether negligence is found in a joint trial or in separate trials, because if it is found against both defendants, this code section makes them both liable for contribution.

The motion to sever is denied.