## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Edwin E. Shelton

v.

Larry G. Watson

April 11, 1995

Case No. CL92-133

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this personal injury action, the plaintiff (Shelton) moves for a consolidation of this case with a personal injury case pending in Stafford County (*Edwin E. Shelton v. Christopher L. Jenkins*, # 94-242) so that "all issues in both cases can be resolved by a single trial."

### Background Facts

On November 22, 1989, Shelton's automobile collided with a vehicle operated by Jenkins in Stafford County. On November 27, 1989, Shelton was involved in another automobile accident, this one in the City of Fredericksburg. Watson was the operator of the other vehicle in that accident.

Shelton went to McGuire V.A. Hospital in Richmond on January 18, 1990, where the examining physician found "a small ventral hernia, a small incisional hernia" just above the umbilicus in the midline. (Shelton had undergone surgery for a hiatal hernia in 1981. His medical records indicate a normally healed incision.) The condition worsened over the next 34 months, so on December 3, 1992, the hernia was repaired by surgery.

Shelton commenced a single action against Jenkins and Watson on November 8, 1991, in the Stafford County Circuit Court. Before the court ruled on the defendants' demurrer for misjoinder, Shelton suffered a nonsuit. Shelton then instituted separate suits, one in Stafford against Jenkins and this one in Fredericksburg against Watson.

The Stafford case went to trial on May 13, 1994. The court excluded the deposition testimony of Dr. Hunter H. McGuire, Shelton's expert witness. Consequently, Shelton took another nonsuit. The case was refiled and is now set for trial on September 29, 1995.

Meanwhile, in Fredericksburg, Shelton's suit against Watson came to trial on June 10, 1994. The deposition testimony of Dr. McGuire was excluded. Nevertheless, Shelton proceeded. During voir dire, Shelton's counsel made reference to insurance coverage, prompting a mistrial. The case is now set for trial on May 19, 1995.

On March 15, 1995, Shelton filed a motion in this court (and, apparently, in Stafford) asking that the two cases be consolidated for a single trial. He accompanied his motion with an eight-page memorandum. Watson submitted a memorandum in opposition to consolidation. This opinion addresses that issue.

### Decision

The premise of Shelton's argument for consolidation is that he has suffered a single, indivisible injury that "is not susceptible to precise apportionment" as between Jenkins and Watson. Thus, he says, Jenkins and Watson are jointly and severally liable for the entire injury, i.e., the hernia. The argument fails because the premise is flawed.

Where separate and independent acts of negligence of two parties concur or combine to proximately cause a single injury and it is impossible to determine in what proportion each contributed to the injury, either or both are responsible for the whole injury. *Dickenson v. Tabb*, 208 Va. 184 (1967); also see *Richmond Coca-Cola Bottling Works v. Andrews*, 173 Va. 240 (1939), and 13B M.J., *Negligence*, § 23.

When a plaintiff moves to consolidate for trial separate actions pending against two different defendants, the plaintiff has at the very least a threshold duty to indicate for the court what evidence he can present at trial that would tend to show that the independent acts of the defendants combined to produce directly the single injury complained of. Shelton has not done that.

Obviously, his problem is with the medical evidence. According to Shelton's memorandum and the record, Shelton's expert witness will be Dr. McGuire who will testify by videotaped deposition. A transcript of that deposition has been filed in this case. In it, Dr. McGuire opines that "an automobile accident may well cause increased intra-abdominal pressure [that] makes it a likely candidate for a contributing factor." He does not

give an appropriate opinion (i.e., with a reasonable degree of probability) that the hernia was caused by the Jenkins accident, the Watson accident, or a combination of the two accidents, or for that matter, by any trauma. Dr. McGuire has never treated Shelton. Shelton was treated by physicians at V.A. Hospital that worked under the supervision of Dr. McGuire. Dr. McGuire's testimony is based solely on the medical records. Further, the medical records make no mention of either accident or, for that matter, any trauma. Dr. McGuire can address the auto accidents in his testimony only because Shelton's attorney told him prior to his deposition that there had been two auto accidents. This is not to say, of course, that expert medical opinion testimony cannot be based on a properly-phrased hypothetical question. At this junction, the court is not concerned with the admissibility of Dr. McGuire's deposition testimony (although a ruling has been made on that point in this case). Instead, as explained above, the immediate question is whether Shelton has justified his request for consolidation by pointing to any evidence that he is prepared to offer at trial that would tend to establish that the separate negligent acts of Jenkins and Watson combined to proximately cause Shelton's injury. The court concludes that he has not.

Further, the court is of the opinion that Shelton reads *Dickenson* too broadly. That case, and others cited therein, involved distinct acts of two or more persons which *continued unbroken to the instant of injury*, contributing *directly and immediately* to the injury. In fact, almost all of those appellate decisions arose from auto accidents that occurred in rapid succession and under such circumstances that the first tortfeasor could reasonably have foreseen the consequences that ensued, i.e., the second accident, and the second tortfeasor's actions were not an intervening cause that would insulate the negligence of the first tortfeasor. See 13B M.J., *Negligence*, § 23; Friend, *Personal Injury Law in Virginia*, § 4.3. In contrast, these cases involve distinct and wholly unrelated auto collisions that occurred a week apart in two different localities, separated not only by time but by intervening medical treatment.

Accordingly, the court is of the opinion that Shelton has failed to establish a justification for consolidation.

Furthermore, the motion is untimely. The trial date is little more than a month from now. Shelton's motion for judgment alleges that his injury was proximately caused by Watson's negligence. Obviously, the pleading would have to be amended to join Jenkins and to allege concurrent negligence giving rise to joint and several liability. The defendants would

have to be given the opportunity to respond and to properly prepare for a joint trial rather than two separate ones.

Even if it is so that both Jenkins and Watson are uninsured and in default so that the "real" party in interest in both cases is Shelton's uninsured motorist carrier, that factual circumstance is of no consequence in the court's analysis. The status of insurance coverage of the various parties does not affect the basic principles of tort law and civil procedure. (Actually, Shelton is not entitled to a default judgment against Watson because, as it is permitted to do under the uninsured motorist statutes, the uninsured motorist carrier has filed a responsive pleading in the name of Watson denying liability in this case.)

The motion for consolidation will be denied for the reasons explained.