## CIRCUIT COURT OF THE CITY OF RICHMOND

Dale C. Perkins

v.

Shaun A. Walters
and Raymond Perkins

August 16, 1996

Case No. LB-864-1

By Judge Melvin R. Hughes, Jr.

This case is before the court on defendant Raymond Perkins' Motion to Sever. According to the motion, plaintiff's Motion for Judgment alleges two separate claims for recovery of personal injury, one occurring on May 13, 1994, and the other on July 4, 1994, involving separate automobile accidents and different defendants. Plaintiff alleges that her injuries suffered in the first accident were either aggravated or that she was further injured in the same areas of the body as the first. On brief and during argument on the motion, plaintiff maintained that she suffered one, indivisible injury for which joinder of the claims is proper. Thus, plaintiff continues, the defendants are joint tortfeasors who caused a single injury by independent acts of negligence.

Counsel agree that Virginia follows the single indivisible injury rule. The Court explained this rule in *Maroulis v. Elliott*, 207 Va. 503, 511 (1967), this way:

> where separate and independent acts of negligence of two parties are the direct cause of a single injury to a third person and it is impossible to determine in what proportion each contributed to the injury, either or both are responsible for the whole injury.

Cases where claims for personal injury under the single indivisible injury rule have been allowed have been typically ones where the accidents causing injury occur within moments of one another. *Dickenson v. Tabb*, 208

Va. 184 (1967). In *Dickenson* two impacts occurred in rapid succession at the same location.

Plaintiff relies on *Dickenson* and on *Boland v. Kines*, 35 Va. Cir. 92 (1994), and urges that these two claims remain consolidated in one suit. In *Boland*, the plaintiff was injured in a traffic accident with defendant Kines on April 25, 1992. While still under a physician's care from the first accident, the plaintiff was involved in a second accident on June 5, 1992, with defendant Yang. Plaintiff cites *Boland* for the proposition that different injury causing accidents may be consolidated even if they occur months apart.

In *Shelton v. Watson*, 36 Va. Cir. 214 (1995), the court made this statement on a motion to consolidate:

> When a plaintiff moves to consolidate for trial separate actions pending against two different defendants, the plaintiff has at the very least a threshold duty to indicate for the court what evidence he can present at trial that would tend to show that the independent acts of the defendants combined to produce directly the single injury complained of.

Plaintiff's treating doctor states in a letter "that the second accident of July 4, 1994, marks the end of medical care treatment and costs of therapy for the first accident." He further states the later accident may have aggravated injuries sustained in the first. This suggests that the independent acts of these defendants did not combine to produce the single injury plaintiff complains of.

In the *Shelton* case the accidents occurred five days apart. The court in *Shelton* decided to hold that plaintiff to the facts in *Dickenson* and did not permit the consolidation. The court believes *Shelton* has the better view than *Boland*.

The court feels that this proceeding should be held to the facts in *Dickenson*. In a *Dickenson* situation both claims could be tried together because substantially the same witnesses and evidence would be involved. The single indivisible injury role should apply to consolidate separate accidents when they occur in rapid fire succession and under circumstances that the first tortfeasor could reasonably have foreseen the consequences that ensued, like *Dickenson*. Because the case at hand involves distinct and wholly unrelated automobile accidents that occurred over one and one half months apart in two different locations and are separated by separate medical treatments, the motion to sever should be granted. A jury

instruction on aggravation of injury should be adequate to cover any concern regarding one injury occurring right after another, a circumstance plaintiff has alternatively pleaded was brought about by the second accident.

Accordingly, under § 8.01-5 plaintiff should elect on which accident she will proceed and drop the other within five days of the entry of an order.