# CIRCUIT COURT OF CHESTERFIELD COUNTY

Dale Hester

v.

Jason McClurg

Case No. CL98-901

Dale Hester

v.

Ollie Wanamaker

Case No. CL00-323

September 12, 2000

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on August 25, 2000, on Plaintiff's motion to consolidate, for purposes of trial only, the cases of *Hester v. McClurg* and *Hester v. Wanamaker*. The Court took this matter under advisement to review the applicable case law and to consider the arguments of counsel.

The issue before the court arises out of two motor vehicle accidents involving the same plaintiff. In Plaintiff's motion for judgment, Mr. Hester alleges that defendant McClurg caused an accident on or about August 31, 1997, in Chesterfield County. The case is currently set for a two day jury trial on November 28 and 29, 2000.

In his second motion for judgment, Mr. Hester alleges that defendant Wanamaker caused a second accident on or about December 7, 1999, in

Prince George County. This case is currently set for a jury trial on January 3, 2001.

On March 7, 2000, Mr. Hester underwent surgery on his lower back for injuries he alleges occurred as a result of the two motor vehicle accidents. Mr. Hester now moves this Court to consolidate his two claims for purposes of trial only.

The Supreme Court in *Clark v. Kimnach*, 198 Va. 737, 96 S.E.2d 780 (1957), dealt specifically with the issue of consolidation. In *Clark*, the Court relied upon a Rhode Island case, *Giguere v. Yellow Cab Co.*, to decide whether or not the trial court had correctly permitted consolidation. *Id.* at 745, 96 S.E.2d at 786 (relying upon *Giguere v. Yellow Cab Co.*, 59 R.I. 248 at 250, 195 A. 214 (1937)). The court, quoting *Giguere*, held that consolidation "is a question which must necessarily be left to the sound discretion of the trial court." *Id.* at 745, 96 S.E.2d at 787.

In reviewing the trial court's decision to consolidate, the *Clark* Court cited and used some of the relevant factors or "foregoing principles" cited and used in *Giguere*. Such factors include whether the parties would be substantially prejudiced, the complexity of the issues, whether the parties would substantially depend upon the same evidence, whether the cases are of the same nature, and judicial economy. *Id.*

In the case at bar, Dr. William C. Broaddus's letter dated June 27, 2000,[1] opines that "to a reasonable degree of certainty, the symptoms and surgery resulted from the effects of both motor vehicle accidents." *Id.* at ¶ 2. Since both cases for consolidation involve the issue of joint and separate liability for the alleged injury[2] requiring surgery, and the same medical evidence (from the March 7, 2000, surgery), consolidation is a proper exercise of the court's discretion.

The Supreme Court stated the following in *Clark*:

> The consolidation of cases for trial only does not operate as a merger of the different cases into one, but merely permits them to be tried together before the same justice or jury to avoid unnecessary delay and expense in the administration of justice. The causes of action remain distinct throughout such a trial and every legal right is

---

[1] Attachment Four of Plaintiff's Motion to Consolidate.

[2] See Dickenson v. Tabb, 208 Va. 184, 156 S.E.2d 795 (1967) (holding that where separate and independent acts of negligence of two parties concur or combine to proximately cause a single injury and it is impossible to determine in what proportion each contributed to the injury, either or both are responsible for the whole injury).

preserved to the respective parties as fully as if the cases had been tried separately.

*Clark v. Kimnach*, 198 Va. 737, 745, 96 S.E.2d 780, 786 (1957) (quoting *Giguere v. Yellow Cab. Co.*, 59 R.I. 248, 195 A. 214 (1937)).

This Court finds that none of the defendants would be substantially prejudiced by the consolidation. First, the defendants' cases are not being merged into one cause of action. Mr. Hester still has the burden of proof throughout the trial to show that each defendant, through each defendant's negligence, is liable for his injuries. Secondly, it is Mr. Hester's burden to demonstrate that the surgery was an indivisible injury[3] and up to the trier of fact to determine whether or not the injury is divisible and if so, to what degree and proportion.

By the medical evidence presented to the Court, Mr. Hester has shown that he can present evidence at trial that would tend to show that both accidents together produced the alleged single injury that would warrant consolidation. See *Shelton v. Watson*, 36 Va. Cir. 214 (Fredericksburg, 1995). Even after consolidating the cases for trial only, the burden of proof is still squarely on the plaintiff's shoulders.

The Court is aware that there are varying circuit court opinions on the issue of consolidation. See *Perkins v. Walters*, 39 Va. Cir. 526 (Richmond, 1996); *Shelton v. Watson*, 36 Va. Cir. 214 (Fredericksburg, 1995); *Zachary v. May*, 9 Va. Cir. 456 (Henrico, 1981). However, as stated by the Supreme Court in *Clarke*:

> In matters of procedure, the trial court has wide discretion, but caution should be exercised to see that a party litigant will not be prejudiced before the court orders a consolidation of cases.

*Clark* at 744, 96 S.E.2d at 786.

Therefore, after careful consideration and finding that the defendants will not be prejudiced, this Court grants the Plaintiff's motion to consolidate *Hester v. McClurg* and *Hester v. Wanamaker* for purposes of trial only, with separate verdicts to be returned with respect to each defendant.

---

[3] Dickenson v. Tabb, 208 Va. 184, 156 S.E.2d 795 (1967).