Marie Giguere *vs.* Yellow Cab Company

NOVEMBER 18, 1937.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence in which a jury in the superior court returned a verdict for the plaintiff for $900. The defendant's motion for a new trial, based on the usual grounds, was denied by the trial justice. The case is before this court on defendant's exception to this ruling, and on its exceptions to an order of the superior court consolidating this case, for the purpose of trial only, with another action of trespass on the case for negligence concerning the same accident, brought by this plaintiff against a different defendant.

The accident in question happened about six p. m. on January 7, 1934, at the intersection of College and North main streets in the city of Providence. College street, as it enters and crosses North Main street from the east has a steep downgrade to the intersection. Both streets are main throughfares and each is about forty feet wide between curbs. The evidence shows that from a position on College street sixty feet up from the point where that

street enters North Main street, the driver of an automobile proceeding westerly in the center of College street has an unobstructed view northerly on North Main street for approximately one hundred feet. At the time of the accident, the street lights were on and it was dark and rainy, but no unusual road conditions existed.

From the evidence, it appears that at the time in question the plaintiff was a passenger for hire in a taxicab operated by the defendant company. The taxicab was going downgrade on College street from the east toward the intersection of College and North Main streets. An automobile owned by one Lapointe, and driven by his agent, was proceeding in a southerly direction on North Main street toward this same intersection. The taxicab and the automobile collided near the center of the intersection, the automobile striking the right rear portion of the taxicab. The plaintiff claims that she was thrown about in the taxicab and was injured as a result of the collision between the two vehicles. The plaintiff thereupon brought in the superior court two separate actions of trespass on the case for negligence, one against the defendant in the instant case, and the other against Lapointe. On motion of the plaintiff, which was opposed by the present defendant but not by Lapointe, a justice of that court ordered the two cases "consolidated for trial", and the defendant's exception to this ruling was noted. When the cases were reached for trial, the defendant herein moved before the justice who was about to hear the cases, that the order of consolidation be dissolved and that the two cases be tried separately. This motion was denied and an exception noted by the defendant herein. The action of the superior court in connection with these motions is the subject of two of the present defendant's exceptions, both of which raise the same point.

The practice of consolidating cases for trial, or trying cases together, is not new in this state, although the question of when such consolidation is proper has not been directly decided by this court. The consolidation of cases for

trial only does not operate as a merger of the different cases into one, but merely permits them to be tried together before the same justice or jury to avoid unnecessary delay and expense in the administration of justice. The causes of action remain distinct throughout such a trial and every legal right is preserved to the respective parties as fully as if the cases had been tried separately. The distinction between such a consolidation of cases for trial only, and a complete and actual consolidation or merger of separate causes of action into only one cause, or the English consolidation practice in use in some jurisdictions in this country, is not always clearly kept in mind or adhered to in some of the decided cases, thereby causing apparent confusion in the law relating to this question.

Our review of the authorities on this point convinces us that, independent of statute, by which the matter is regulated in some jurisdictions, the trial court has inherent power to order that several cases pending before it be tried together where they are of the same nature, arise from the same act or transaction, involve the same or like issues, depend substantially upon the same evidence, even though it may vary in its details in fixing responsibility, and where such a trial will not prejudice the substantial rights of any party. Whether two or more cases should be tried together is a question which must necessarily be left to the sound discretion of the trial court, after application of the foregoing principles, and its action in this connection will not be revised or interfered with unless its discretion was clearly abused. 64 C. J. 35. On the issue of consolidation for trial, the following cases present situations somewhat similar to the one existing in the instant case. *Burke* v. *Hodge,* 211 Mass. 156; *Sullivan* v. *Boston Elec. Light Co.,* 181 Mass. 294; *Keep* v. *Indianapolis & St. Louis R. R. Co.,* 10 Fed. 454. See also *Azinger* v. *Pennsylvania R. R. Co.,* 262 Pa. St. 242; *Reid* v. *Nichols,* 166 Ky. 423; *McAllister* v. *Drislane,* 266 N. Y. Supp. 809.

The defendant urges upon us the case of *Kimatian* v. *New England Tel. & Tel. Co.*, 49 R. I. 146, tried with another case of the same name, and contends that the court expressly referred to the inadvisability of trying cases together. We find nothing in the *Kimatian* case which warrants a statement of such general application. The question of the joint trial of separate actions was not an issue in those cases. In remitting the cases to the superior court for a new trial on entirely different grounds, all that the court said in that opinion on the question of a joint trial was that: "In view of the peculiar facts in the present cases it seems to us undesirable to try them together. . . . The interests of justice in these cases seem more likely to be promoted by separate trials." The court's suggestion as to future procedure is clearly based on the peculiar facts of the cases then before it.

It is our opinion, however, that the inherent power which a trial court possesses to order cases tried together should be exercised with great caution and only after a careful consideration of all the facts and circumstances, in order to ascertain whether or not the necessary requirements for the proper entry of such an order are all present, and whether or not the ends of justice will best be served by such a consolidation for trial, while at the same time the substantial rights of all the parties involved are preserved. If the trial court is in doubt as to the advisability of ordering cases tried together, it is better that no such order be entered.

In the present instance both actions were of the same nature, grew out of a single physical incident, and the evidence by which each was supported and defended was largely the same. The issues and the principles of law involved were fundamentally alike, and whatever distinction applied in the case of each defendant was pointed out in clear language by the trial court in its charge to the jury. To this charge the present defendant took no exception. An examination of the record herein makes it clear that throughout the joint trial with the *Lapointe* case, the action against

this defendant was treated by the court at all times as an independent suit. A careful review of the evidence, rulings and charge of the court shows that the defendant in the instant case was deprived of no material legal right by reason of the joint trial, and suffered no apparent prejudice. No particular instance or circumstance of the trial itself is pointed out by this defendant as showing that its rights were substantially and harmfully affected by the consolidation. At the conclusion of the trial, a separate verdict was rendered by the jury, and so recorded by the court, in each case. Under all the circumstances disclosed in the present record, we do not find that the discretion vested in the superior court to order the cases in question tried together was clearly abused. The defendant's exceptions to the rulings of the superior court in reference to the consolidation of the cases for trial are overruled.

The defendant's remaining exception is to the denial of its motion for a new trial. The following is a summary of the principal evidence on the question of how the accident happened. The plaintiff's testimony is to the effect that the taxicab in which she was a passenger came down College street at a speed of twenty to twenty-five miles an hour; that when it was about twenty-seven feet from the intersection of that street and North Main street, she looked through the right window of the taxicab and saw the Lapointe car some eighty or ninety feet away on North Main street, coming toward the intersection at a speed of thirty to thirty-five miles an hour; that neither vehicle sounded any horn or reduced its speed; that the lights of the Lapointe car were on; and that the right rear mudguard of the taxicab was struck by the Lapointe car when the taxicab was at or somewhat beyond the middle of the center of the intersection.

The driver of the taxicab testified in substance that the taxicab was in second speed and moving slowly as it approached the intersection; that when it was some ten or fifteen feet from that point, he looked to his right in a

northerly direction along North Main street, and saw no automobile coming toward the intersection from that direction; that he thereupon increased his speed to cross the intersection; and that the first he knew of any accident was when he heard the crash at the rear end of his cab, which was then about three-quarters of the way across the intersection.

The testimony of the driver of the Lapointe car is to the effect that he slowed down to about ten miles an hour and looked to his left up College street when he was quite a distance from the intersection; that seeing no automobile coming down College street at this time, he continued to drive toward the intersection; that when he was near the intersection he again looked in the same direction and saw the taxicab, some fifty feet up College street, coming down toward the intersection at about thirty miles an hour; that he did not stop, but blew his horn, and, as the taxicab kept on coming directly in his path, he applied his brakes and turned his automobile to his left toward College street, so as to cut behind the taxicab; and that his automobile struck the right rear mudguard of the taxicab when the two cars were about in the middle of the intersection.

Whether or not the defendant is liable to the plaintiff in this case depends upon the weight and credibility to be given to the clearly conflicting evidence, and both the jury and the trial justice have decided this issue against the defendant. It is well settled that under such circumstances the decision of a trial justice on a motion for a new trial will be sustained unless it is clearly wrong, or is based upon a misconception of the evidence. *Peters* v. *United Elec. Rys. Co.*, 57 R. I. 311. The law applicable to the collision of vehicles at a street intersection has been recently discussed by us in *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, 193 A. 622. What we stated in that opinion is controlling in the instant case. We will also add that it is of no avail for an operator of an automobile to say that he looked and observed nothing approaching, at a point

where, if he had looked, he would have seen an oncoming vehicle. *Keenan* v. *Providence Journal Co.,* 52 R. I. 54 and cases cited. Upon a review of the record before us, particularly with reference to the rights of the defendant herein, we cannot say that the trial justice was in error in denying the defendant's motion for a new trial, and its exception to this ruling is therefore overruled.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the verdict.

*Walter I. Sundlun, Baker & Spicer,* for plaintiff.
*Sherwood & Clifford, Raymond E. Jordan,* for defendant.