ROBERT C. RYAN *vs.* SUPERIOR COURT.

WILLIAM T. RYAN *vs.* SUPERIOR COURT.

AUGUST 17, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. These are two petitions for writs of certiorari to quash the orders of the superior court denying motions by the defendants in that court to consolidate for trial the cases entitled Victor H. Shaw v. Robert C. Ryan, No. 134124, Margaret Mary Shaw v. Robert C. Ryan, No. 134126, Victor H. Shaw v. William T. Ryan, No. 134127, and Margaret Mary Shaw v. William T. Ryan, No. 134128. The writs were issued and the record, which includes a transcript of the proceedings on such motions, was duly transmitted to this court. Adopting the terminology applicable to the parties in the law actions, we will hereinafter refer to Victor H. Shaw and Margaret Mary Shaw as the plaintiffs and to Robert C. Ryan and William T. Ryan as the defendants.

The record reveals that plaintiff Margaret was injured when she was struck by a motor vehicle operated by Robert C. Ryan, one of the defendants. Subsequently Margaret instituted two suits for personal injuries, one against Robert C. Ryan as the operator of the car involved, and one against

William T. Ryan on allegations of agency between him and Robert C. Ryan. The defendant in each case moved to consolidate these two cases for trial.

Victor H. Shaw, father of plaintiff Margaret, also brought two suits, one against Robert C. Ryan and one against William T. Ryan, to recover for expenditures incurred as a result of the injuries to plaintiff Margaret while she was a minor. The defendant in each case also moved that the cases of the plaintiff father be consolidated for trial.

The trial justice, after hearing the motions to consolidate, stated: "Under the policy this court adopted early this season I'll not order consolidation unless it is clearly shown the cases are simple and that there are no complications." Thereupon he denied such motions.

The law governing motions to consolidate cases for trial is set out in *Giguere* v. *Yellow Cab Co.*, 59 R. I. 248. In that case we held that the trial court has inherent power to order that two or more cases pending before it be tried together where they are of the same nature, arise from the same transaction, involve the same or like issues, depend substantially upon the same evidence, even though it may vary in its details in fixing responsibility, and where such a trial will not prejudice the substantial rights of any party. We further stated that if the trial court is in doubt as to the advisability of ordering cases tried together, it is better that no such order be entered.

It is therefore a question to be left to the sound discretion of the trial court, and its action in this connection will not be revised or interfered with unless its discretion is clearly abused. The petitioners contend that the trial justice did not exercise this discretion as is required in the *Giguere* case, *supra*. Upon examination of the language of the trial justice quoted above, we have concluded that he was not therein refusing to exercise his sound judicial discretion because of some unpublished rule of court or of personal policy, but was substantially pointing out that the defend-

ants there had failed to sustain the burden of proof that was upon them as the moving party to establish that these cases came within the purview of the *Giguere* case, which he was following. We have read the transcript of argument of counsel made to the trial justice and we do not therein perceive any reason for finding that his denial of the motions constituted a clear abuse of this discretion. In such circumstances we must sustain his ruling.

The petition for certiorari in each case is denied, the writs heretofore issued are quashed, and the pertinent records and papers in each case certified pursuant thereto are ordered sent back to the superior court.

*Eugene J. Sullivan, Jr.*, for petitioners.

*Sherwood & Clifford, Kirk Hanson*, for respondents Margaret M. Shaw and Victor H. Shaw.