*Francis V. Reynolds, Richard P. McMahon,* for respondent.

EDWARD SCIARRA *vs.* GEORGE HILLELSOHN.

DECEMBER 30, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J.  This is a petition for certiorari to quash an order of the superior court denying the petitioner's motion in that court to consolidate for trial the cases entitled Edward Sciarra v. George Hillelsohn, Law No. 138945, Edward Sciarra v. Vincent Costantino, Law No. 138936, and Edward Sciarra v. Mary Constantino (Costantino), Law No. 139476.  The writ was issued and the record, including a transcript of the proceedings on the motion, has been duly transmitted to this court.  Adopting the terminology applied to the parties in the actions at law, we will hereinafter refer to Edward Sciarra as the plaintiff and to George Hillelsohn, Vincent Costantino, and Mary Costantino as the defendants.

It appears from the record that on August 3, 1955 plaintiff was riding as a passenger in an automobile owned by defendants Costantino and operated by one of them.  He claims that he was injured when the car in which he was riding was in collision with an automobile owned and operated by defendant Hillelsohn.  The plaintiff urged consolidation of the cases on the ground that the issues were the same as to all the defendants.  The defendants Costantino objected to consolidation on the ground that if the cases were tried together it would tend to confuse the jury on the issue of liability.  The superior court thereupon denied the motion for consolidation and granted plaintiff's exception thereto.

10

In *Giguere* v. *Yellow Cab Co.*, 59 R. I. 248, we held that the superior court has inherent power to order that two or more cases pending before it be tried together where they are of the same nature, arise from the same transaction, involve the same or like issues, depend substantially upon the same evidence even though it may vary in its details in fixing responsibility, and where such a trial will not prejudice the substantial rights of any party. We stated further that if the superior court is in doubt as to the advisability of ordering cases tried together it is better not to enter such an order. In *Ryan* v. *Superior Court*, 84 R. I. 469, 125 A.2d 122, we expressly affirmed these propositions.

The plaintiff concedes that the rule stated in the *Giguere* case, *supra*, is the law in this state and that the burden is on the moving party to show cause why the cases should be consolidated for trial. He argues, however, that such rule is unsound and asks us to alter it so far, at least, as to place the burden on the party opposing a motion to consolidate cases for trial. We do not perceive that plaintiff has offered any compelling reason for altering the rule to which we have so long subscribed and have recently affirmed.

As we stated in the *Ryan* case, *supra*, the question of whether cases will be consolidated for trial is one "to be left to the sound discretion of the trial court, and its action in this connection will not be revised or interfered with unless its discretion is clearly abused." We have carefully read the transcript containing the arguments made by counsel to the superior court both for and against the instant motion, and we are of the opinion that the trial justice did not abuse his discretion in denying such motion. In the circumstances we will sustain the ruling.

The petition for certiorari is denied, the writ heretofore issued is quashed, and the record and papers in the case certified pursuant thereto are ordered sent back to the superior court.

*John Quattrocchi, Jr.,* for petitioner.

*Edward Bromage, Jr.,* for respondent George Hillelsohn.

*Martin M. Zucker,* for respondents Vincent and Mary Costantino