305 A.2d 97.

ALBERTINA V. MENDES *vs.* AMBROSE C. MENDES.

JUNE 6, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

DORIS, J.   This cause was heard before a justice of the Family Court on the wife's petition for divorce and the husband's motion in the nature of a cross-petition for divorce.   At a hearing on the merits, before any testimony was taken, the petitioner moved to discontinue her petition.   The trial justice denied the petitioner's motion but dismissed her petition with prejudice.   Subsequently, the same justice granted the husband's motion to discontinue his motion in the nature of a cross-petition.   The petitioner filed an appeal from a decree embodying those decisions as well as from certain other decrees which were entered during the pendency of this cause in the Family Court. In addition, the cause is here on the petitioner's appeal from a decision of the Family Court denying her motion to hold the respondent in contempt, denying her motion for support pending appeal, and denying her motion for counsel fees.

In order to place the issues involved in proper perspective, it is well to review the facts and the travel of the case.

On December 2, 1966, Albertina Mendes, the wife, hereinafter referred to as petitioner, filed a petition seeking a divorce from her husband, Ambrose Mendes, hereinafter referred to as respondent, on the ground of extreme cruelty. After a hearing on a motion for temporary allowances, an order was entered on February 2, 1967, for petitioner's support in the amount of $75 weekly.   On February 20, 1967, petitioner Albertina filed a miscellaneous petition for relief and a motion to consolidate her divorce petition and the miscellaneous petition.   On March 1, 1967, respondent Am-

brose filed a motion in the nature of a cross-petition for divorce in the divorce action, alleging extreme cruelty on the part of petitioner. On April 7, 1967, petitioner's motion to consolidate the cases was denied in the Family Court. The petitioner appealed the denial of her motion to consolidate and this court, stating that the decree appealed from was interlocutory and not final, held it could be challenged only by a petition for certiorari and therefore dismissed the appeal. *Mendes* v. *Mendes,* 103 R. I. 734, 241 A.2d 297 (1968).

The original petition and the motion in the nature of a cross-petition were reached for trial and hearings were held on March 11, April 14, May 6 and May 15, 1969, in the Family Court. On March 11, 1969, before any testimony was taken, petitioner renewed her motion to consolidate the divorce petition and the miscellaneous petition. This motion was denied by the trial justice. Thereupon, petitioner moved to discontinue her petition for divorce. The trial justice did not grant the motion to discontinue, but instead ordered the original divorce petition dismissed with prejudice.

The cause then proceeded to hearing on respondent's cross-petition. After some days of hearing, respondent on May 6, 1969, moved to discontinue his cross-petition. The petitioner moved for an award of counsel fees for the prosecution of the original petition and for the defense of the cross-petition. The motion for counsel fees for the prosecution of the original petition was denied. The motion for counsel fees for the defense of the cross-petition was granted, but limited to the period from the date of the dismissal of the original petition to the date of the discontinuance of the cross-petition. The respondent's motion to discontinue the cross-petition was granted.

On May 16, 1969, petitioner filed a claim of appeal from the rulings of March 11, 1969, and the decision of May 6,

and the decree of May 15. On June 13, 1969, the trial justice denied petitioner's motions to hold respondent in contempt for failure to make support payments, to award petitioner support pending appeal and to award petitioner counsel fees.

On August 13, 1969, petitioner, represented by different counsel, filed a petition seeking an absolute divorce alleging extreme cruelty and gross misbehavior on the part of respondent. An allowance of $60 weekly for support pendente lite was ordered on petitioner's motion for temporary allowances. On January 15, 1970, after hearing, the petition was denied and dismissed in the Family Court. Also, in March 1970, petitioner was awarded $25 weekly for support under an order in a petition filed by her under the provisions of the Uniform Reciprocal Support Act.

I

Before proceeding with the consideration of the various issues, we will consider respondent's contention that the appeal filed by petitioner on May 16, 1969, from the decision of March 11, 1969, was not within the time designated by the rules governing appeals, since said appeal was beyond the 20-day appeal period as set forth in said rules. As the basis for his contention respondent relies on G. L. 1956 (1969 Reenactment) §14-1-52 which reads as follows:

> "From any final decree, judgment, order, decision, or verdict of the family court, there shall be an appeal to the supreme court, which appeal, in all civil cases except bastardy proceedings under chapter 8 of title 15, shall follow the procedure for appeal in civil actions as provided in chapter 24 of title 9. A decision granting a divorce shall be appealable upon entry and, except as otherwise provided by law, the correctness of such decision shall not be reviewable upon an appeal from a final decree for divorce entered in pursuance of §15-5-23. Appeals in criminal cases wherein the family court exercises jurisdiction over adults, and in bastardy cases under chapter 8 of title 15 shall fol-

low the procedure for appeal by way of bill of exceptions as provided in chapter 24 of title 9. The provisions of chapter 24 of title 9 and applicable procedural rules relating to the superior court shall apply to the family court in matters appealed from said family court, provided, however, that on appeal, the supreme court may by rule provide for certain circumstances as it may deem appropriate."

Section 9-24-1 reads as follows:

"Any party aggrieved by a final judgment, decree, or order of the superior court in any civil action, may, within the time prescribed by applicable procedural rules appeal to the supreme court. Subject to the provisions of applicable procedural rules, such appeal shall be taken by filing a claim of appeal in the office of the clerk of the court from which the appeal is taken."

Super. R. Civ. P. 73(a) states in part:

"When an appeal is permitted by law from the Superior Court to the Supreme Court the time within which an appeal may be taken shall be 20 days from the entry of the judgment appealed from unless a different time is provided by law * * *."

The respondent argues that petitioner did not file her appeal from the decision of the trial justice on March 11, 1969, within the 20-day period prescribed by Super. R. Civ. P. 73(a) which governs appeals from the Family Court to this court. If said decision was final respondent's contention would prevail. However, in view of the circumstances and conditions prevailing in this matter, we hold said decision to be interlocutory in nature since there remained other matters to be disposed of at further hearings. Having determined said decision to be interlocutory in character, we rule that the time for the running of the appeal period did not commence until the decision of the trial justice on May 6, 1969, and therefore the appeal of petitioner is timely and properly before this court.

## II

The petitioner contends that the trial justice committed prejudicial error when on April 7, 1967, he denied petitioner's motion to consolidate for hearing her petition for absolute divorce and her miscellaneous petition for relief under §15-5-19 and argues that by reason of said refusal petitioner was unable to properly prosecute her petitions.

This court in *Marandola* v. *Hillcrest Builders, Inc.,* 102 R. I. 46, 49-50, 227 A.2d 785, 788 (1967) stated:

> "Consolidation of cases is for the purpose of trial only, and does not operate as a merger of the separate cases into one case. It merely permits them to be tried together before the same justice or jury and thus avoid unnecessary delay and expense in the administration of justice. The rule as thus stated in *Giguere* v. *Yellow Cab Co.,* 59 R. I. 248 is the same as that provided by Rule 42 of the Rules of Civil Procedure."

Independent of statute, the trial court has inherent power to order that several cases pending before it be tried together where they are of the same nature, from the same act or transaction, involve the same or like issues, depend substantially on the same evidence, even though it may vary in its details in fixing responsibility, and where such a trial will not prejudice the substantial rights of any party. Whether two or more cases should be tried together is a question which must necessarily be left to the sound discretion of the trial court, after application of the foregoing principles, and its action in this connection will not be revised or interfered with unless its discretion was clearly abused. *Giguere* v. *Yellow Cab Co.,* 59 R. I. 248, 251, 195 A.214, 216 (1937).

Clearly, petitioner here, arguing vigorously that her case has been prejudiced, misconceives the thrust of a motion to consolidate, since the rule clearly indicates that even when the motion to consolidate is granted the parties still retain the same rights as they would have if the cases were

heard separately. In other words, consolidation is for convenience only, and the granting of a motion rests on the sound discretion of the trial justice. We have examined the record and considered the arguments of petitioner which were briefed rather extensively on this point, albeit not very persuasively, and we have been unable to perceive that the trial justice abused his discretion in denying the motion to consolidate. We therefore hold that the trial justice did not commit error.

## III

The petitioner contends that the trial justice erred when he awarded $75 weekly for her support pendente lite. The petitioner argues that the trial justice should have awarded $125 as was requested.

It is well settled that the findings of a trial justice are to be afforded great weight, and unless the findings are clearly wrong, they will not be disturbed by this court. Here, the trial justice found that petitioner required $75 weekly for support. In our reading of the transcript it is apparent that the trial justice determined that some of the amounts requested by petitioner in her testimony were excessive. We cannot say that he was clearly wrong, and we therefore will not disturb his findings and support order.

## IV

The petitioner next contends that the trial justice committed prejudicial error when he dismissed the original petition for divorce with prejudice and denied her motion to discontinue the petition.

The petitioner in this case moved for discontinuance when the cause was reached for hearing, but before any testimony had been elicited. We view petitioner's motion to discontinue as being controlled by §9-8-1 which provides that a discontinuance shall be allowed as of course at any time before trial has begun, unless to do so will impair the

rights either of the opposing party or of some other interested person.[1]

The respondent, conditioned upon his right to proceed on his motion in the nature of a cross-petition, offered no objection to petitioner's motion. Under the circumstances, we can perceive no impairment of any right of respondent or any other party by the discontinuance. The trial justice, absent a showing of the impairment of respondent's rights, was constrained to exercise his discretion in favor of the movant and, therefore, to grant her motion. To deny her motion, and to order a dismissal with prejudice, constituted an abuse of discretion. The action of the trial justice in dismissing with prejudice constituted error. However, in the circumstances, the motion of petitioner to discontinue with the right of respondent to proceed on his cross-petition should have been granted by the trial justice.

## V

The petitioner contends that the trial justice erred when he refused to hold respondent in contempt for failure to make support payments after the discontinuance of the cross-petition. The petitioner had moved to discontinue her petition and the trial justice had instead dismissed the petition with prejudice. In the view which we take of the proceedings petitioner's motion to discontinue her petition should have been granted. The respondent's motion to discontinue was thereafter granted. Under the circumstances, nothing remained for the trial justice to consider when the motion for contempt was filed, since upon the discontinuance of both the original petition and the cross-petition, all proceedings ancillary to the main case fell.

In *Ash* v. *Ash*, 50 R. I. 1, 6, 144 A.437, 438-39 (1929), this court said:

---

[1]For purposes of clarity it should be noted that the record does not indicate that at any time was there a refusal by petitioner to proceed on her petition.

"Whether the injunction petition and order be regarded as interlocutory or as auxiliary, the dismissal of the petition for divorce, in the absence of any special circumstance appearing in this case, strikes down and vacates all interlocutory orders made in the case and also all proceedings which are ancillary to the main case."

This language was approved by this court in *Luttge* v. *Luttge*, 98 R. I. 211, 200 A.2d 599 (1964) and in *Luttge* v. *Luttge*, 97 R. I. 309, 197 A.2d 500 (1964).

The above cases are dispositive of petitioner's contention that the trial jurtice erred when he denied her motion to hold respondent in contempt for failure to make support payments. We hold that the trial justice did not err when he denied petitioner's motion to hold respondent in contempt.

## VI

The petitioner contends that the order of support should have continued during the time appeal was pending, and that the trial justice erred in denying her motion to continue support payments pending the determination of her appeal.

Ordinarily in divorce cases, the general rule is that the duty of a husband to support a wife pendente lite continues pending an appeal to the trial justice's order. *Sundlun* v. *Sundlun*, 103 R. I. 25, 234 A.2d 358 (1967); *Harvey* v. *Harvey*, 45 R. I. 383, 123 A.82 (1924).

Here, the position we have taken that petitioner's motion to discontinue the original petition should have properly been granted, together with the fact that respondent's motion to discontinue was granted, places this contention of petitioner squarely within the rule as enunciated in *Ash* v. *Ash, supra,* and *White* v. *White,* 70 R. I. 48, 36 A.2d 661 (1944). There the court stated that the jurisdiction of the trial court ceases when a petition is denied and dismissed, except that if a bill of exceptions is prosecuted such jurisdiction continues *ex necessitate,* for the purpose of enabling

the court to make such interlocutory orders as may be necessary pending final determination. Here, after discontinuance, there remained nothing for the court to determine on appeal except petitioner's objection to the denial by the trial justice of her motion to consolidate, and the trial justice's ruling on her motion for counsel fees.

Since neither of these questions is a matter concerning which the trial court could properly order support pending final determination, we are constrained to hold that the trial justice, in accordance with the rule in *Ash* and *White,* did not err in denying petitioner's motion for support pending appeal.

## VII

The final argument advanced by petitioner contends that the trial justice erred in denying her motion for counsel fees for prosecuting the original petition, and also for defense of the cross-petition.

In accordance with our view of the discontinuance of the original petition and cross-petition in this case, we reiterate the rule in *Ash* v. *Ash, supra,* that all interlocutory decrees or ancillary motions fall or are vacated upon the discontinuance of the main case. Here, petitioner, having moved to discontinue, is now precluded from pursuing a motion for counsel fees. The trial justice was correct in denying petitioner's motion for counsel fees for prosecution of the original petition.

As to the motion for counsel fees for the defense of the cross-petition, the authority of a Family Court justice to award counsel fees is contained in §15-5-16. The motion by the petitioner for counsel fees for defense of the cross-petition was timely made and the petitioner was therefore entitled to produce evidence as to the value of services rendered from the time of the filing of the cross-petition to the date of the discontinuance of said cross-petition. The exclusion of such evidence, the denial of the petitioner's

582

offer of proof of the value of said services, and the award of counsel fees for services rendered, limited to the period from the granting of the petitioner's motion to the granting of the respondent's motion to discontinue by the trial justice, was prejudicial error.

The appeal of the petitioner is denied in part and sustained in part and the cause is remanded to the Family Court for the entry of a decree in accordance with this opinion, and also for hearing by the Family Court on the petitioner's motion for counsel fees for services rendered in defense of the cross-petition in accordance with our instructions.

Mr. Justice Joslin did not participate.

*Pearlman & Pearlman, Thomas W. Pearlman,* for petitioner.

*Leroy V. Marcotte,* for respondent.