# CIRCUIT COURT OF THE CITY OF NORFOLK

Cheryl Bond

    v.

Baker Roofing Co. et al.

        Case No. CL 09-4116

Lilibeth Taylor

    v.

Baker Roofing Co. et al.

        Case No. CL 09-4117

Denise Black

    v.

Baker Roofing Co. et al.

        Case No. CL 09-4208

Joan Sidwell

    v.

Baker Roofing Co. et al.

        Case No. CL 09-4209

Monique Thomas

    v.

Baker Roofing Co. et al.

        Case No. CL 09-3735

440

Lori Provost

v.

Baker Roofing Co. et al.

Case No. CL 10-4075

December 28, 2010

By Judge Louis A. Sherman

This matter came before the Court on December 2, 2010, upon Plaintiff's Motion to Consolidate. Plaintiffs argue that the allegations in each Complaint arise from the same facts and involve common questions of law and that consolidating the claims will promote the ends of justice, lead to just and efficient disposition of the actions, and enhance judicial economy. Defendants argue that Plaintiffs make the same generic allegations but that deposition testimony and medical reports reveal differences in the severity of symptoms experienced, parts of the body affected, and nature of pre-existing conditions present in each of the Plaintiffs' medical histories. Defendants assert that consolidating the cases will result in juror confusion and prejudice to Defendants. On October 25, 2010, Plaintiffs filed a Motion to Consolidate the six pending cases. Upon review of the parties' submissions, oral arguments, and relevant statutory and case law, the Court finds that the cases shall be consolidated on the issue of liability and not consolidated on the issue of damages.

*Background*

These cases arise out of alleged injuries that Cheryl Bond, Lilibeth Taylor, Denise Black, Joan Sidwell, Monique Thomas, and Lori Provost (together, "Plaintiffs") received while employed with Christian Broadcasting Network ("CBN"). (Compls. ¶ 1.) Each individual plaintiff has filed a separate cause of action against the defendants; however, each of the plaintiffs' complaints, motions, and memoranda are substantially similar if not identical. For purposes of this memorandum, Plaintiffs and their respective complaints and memoranda are treated as if only one plaintiff filed a cause of action. Plaintiffs allege that they were injured between May 2007 and September 2007 due to their exposure to chemicals used by defendant Baker Roofing Company ("Baker") during roofing

repairs that took place on the building where all of the Plaintiffs worked. (Thomas Compl. ¶ 17; Bond, Black, Provost, Sidwell, & Taylor Compls. ¶ 19.) Defendant Hentz Engineering, Inc. ("Hentz") is a consulting company that had been retained as a project consultant by CBN. (Compls. ¶ 3.) Plaintiffs allege that Hentz was involved in the hiring of Baker and the monitoring of the roof replacement project on the building that housed the Prayer Counseling Center of CBN, the building in which Plaintiffs worked. (Compls. ¶¶ 1, 3.)

Plaintiffs originally named multiple defendants, but, on May 7, 2010, plaintiffs moved for voluntary nonsuits against all defendants but Baker and Hentz. (Mots. for Nonsuit 1–2). This Court granted the Motions for Nonsuit on May 10, 2010 (Nonsuit Order), leaving Baker and Hentz (together, "Defendants") as the remaining defendants. Plaintiffs' suits allege general negligence, although Plaintiffs are also seeking punitive damages against Defendants. On October 25, 2010, Plaintiff Cheryl Bond filed a Motion to Consolidate the six pending cases. Plaintiff Cheryl Bond has filed the motion; however, the pleading indicates that all Plaintiffs, each being represented by the same attorney, join in the motion. (Pls.' Mot. to Consolidate ¶ 2.) On October 28, 2010, Defendant Baker filed a Brief in Opposition to Plaintiff's Motion for Consolidation. On November 24, 2010, Defendant Hentz filed a Joinder in Defendant Baker's Objection and Brief in Opposition to Plaintiff's Motion for Consolidation. Thus, the Court will consider the objections stated in Baker's brief as representative of both Baker's and Hentz's positions with respect to Plaintiff's Motion to Consolidate.

*Analysis*

This issue comes before the Court on Plaintiffs' Motion to Consolidate. Plaintiffs argue that the allegations in each Complaint arise from the same facts and involve common questions of law because each Complaint contains essentially the same allegation of negligence against Defendants Baker and Hentz and each Plaintiff worked on the third floor of the same building and was exposed to the same chemicals. (Pl.'s Mot. to Consolidate ¶ 4.) Further, Plaintiffs maintain that "consolidating these claims would 'promote the ends of justice,' would lead to just and efficient conduct and disposition of these actions, and . . . would enhance judicial economy and avoid duplication of effort." (Pl.'s Mot. to Consolidate. ¶ 5.) Defendants maintain that "Plaintiffs make essentially the same generic allegations in their respective Complaints," but that deposition testimony and medical reports reveal significant differences in the severity of symptoms experienced by the individual Plaintiffs, the parts of the body affected, and the nature of several Plaintiffs' pre-existing conditions. Defendants assert that consolidating the cases will result in juror confusion and prejudice

to Defendants. (Baker's Br. in Opp'n to Pl.'s Mot. for Consolidation 3 [hereinafter Baker's Br. in Opp'n].)

The Virginia Code provides that the Court may, upon the motion of any party, enter an order consolidating civil actions if the Court determines that the following factors exist: (1) six or more plaintiffs have brought separate actions that involve common questions of law or fact and arise out of the same series of transactions; (2) the common questions of law or fact are significant to the actions; and (3) consolidating the cases "will promote the ends of justice and the just and efficient conduct and disposition of the actions, and [will be] consistent with each party's right to due process of law, and [will] not prejudice each individual party's right to a fair and impartial resolution of each action." Va. Code § 8.01-267.1. The statute instructs the Court to consider the following factors, among others, when determining whether separate civil actions should be consolidated:

> (i) the nature of the common questions of law or fact; (ii) the convenience of the parties, witnesses, and counsel; (iii) the relative stages of the actions and the work of counsel; (iv) the efficient utilization of judicial facilities and personnel; (v) the calendar of the courts; (vi) the likelihood and disadvantages of duplicative and inconsistent rulings, orders, or judgments; (vii) the likelihood of prompt settlement of the actions without the entry of the order; and (viii) as to joint trials by jury, the likelihood of prejudice or confusion. *Id.*

"Trial courts have the inherent authority to consolidate claims for trial" and may exercise broad discretion in doing so. *Allstate Ins. Co. v. Wade*, 265 Va. 383, 392, 579 S.E.2d 180, 185 (2003); *see also Lamberton v. Lamberton*, No. 1714-03-4, 2004 Va. App. LEXIS 440, at *12 (Va. App. Sept. 14, 2004) ("Whether actions should be consolidated is a matter that lies within the sound discretion of the trial court."). In determining whether consolidation of several claims for a single trial is warranted, the trial court must "insure that separating or consolidating claims for trial does not prejudice the substantial rights of any party," and the court "must also consider any resulting unnecessary delay, expense, or use of judicial resources that would flow from separate trials of the claims at issue." *Allstate Ins. Co.*, 265 Va. at 392, 579 S.E.2d at 185. Although several of the cases discussed below involve the bifurcation of issues in a particular case, rather than the consolidation of cases, as in the present case, the Supreme Court of Virginia has stated: "[T]he standards applied to determinations regarding the consolidation or separation of trials are equally applicable to questions involving the bifurcation of issues." *Id.* at 393, 579 S.E.2d at 185. Thus, the following Supreme Court of Virginia cases provide guidance in determining whether the Court should grant Plaintiffs' Motion to Consolidate.

In *Clark v. Kimnach*, 198 Va. 737, 96 S.E.2d 780 (1957), the Supreme Court of Virginia considered whether the trial court erred in consolidating three actions that arose out of the same automobile accident involving two cars. *Id.* at 739, 96 S.E.2d at 782. The driver of one of the cars sued the driver and passenger of the other car for personal injuries, and both defendants filed suit against the plaintiff for personal injuries. *Id.* Over the plaintiff's objection, the three cases were consolidated for trial and tried before a single jury. *Id.* After the Court entered judgment on the jury's verdicts, the plaintiff argued that the Court improperly consolidated the three cases and that consolidation "operated prejudicially in his case and was harmful to his defense" of the claims against him. *Id.* at 744, 96 S.E.2d at 786. Recognizing that "the trial court has wide discretion," the *Clark* Court warned that "caution should be exercised to see that a party litigant will not be prejudiced before the court orders consolidation of cases." *Id.* The Court held that trial courts have "inherent power" to consolidate cases when the cases "are [of] the same nature, arise from the same act or transaction, involve the same or like issues, depend substantially upon the same evidence, even though it may vary in its details in fixing responsibility, and where such a trial will not prejudice the substantial rights of any party." *Id.* at 745, 96 S.E.2d at 787. The Court stated further:

> The consolidation of cases for trial only does not operate as a merger of the different cases into one, but merely permits them to be tried together before the same . . . jury to avoid unnecessary delay and expense in the administration of justice. The causes of action remain distinct throughout such a trial and every legal right is preserved to the respective parties as fully as if the cases had been tried separately.

*Id.* at 745, 96 S.E.2d at 786 (quoting *Giguere v. Yellow Cab Co.*, 59 R.I. 248, 250–51, 195 A. 214, 216 (1937)). Relying on the above considerations, the Court affirmed the trial court's consolidation of the cases because, it held, the three separate actions "arose out of the same accident, presented the same basic issues, and involved the same evidence and parties." *Id.* at 744–45, 96 S.E. at 786. Moreover, the Court recognized that, because "[n]o difficult, unusual, or novel issues [existed,] separate trials would have consumed more time and incurred additional expense." *Id.* at 745, 96 S.E.2d at 786. Thus, *Clark* stands for the proposition that a court, in determining whether to consolidate cases, must balance the possibility of prejudice to either party with the potential promotion of judicial economy; if the potential for prejudice is outweighed by the advancement of judicial economy, the Court may order consolidation of the cases.

*Leech v. Beasley*, 203 Va. 955, 128 S.E.2d 293 (1962), *superseded by Supreme Court of Virginia Rule, on other grounds*, Va. Sup. Ct. R. 1:4(k),

involved an appeal to the Supreme Court of Virginia regarding whether the trial court should have ordered separate trials because some of the claims were based on gross negligence and others on ordinary negligence. *Id.* at 960, 128 S.E.2d at 296. The controversy in *Leech* arose out of a single-car accident that resulted in the death of one of the passengers and injuries to the remaining three passengers. *Id.* at 956, 128 S.E.2d at 294. Who of the four passengers was actually driving at the time of the automobile accident remained in dispute throughout the course of the trial. *Id.* at 958, 128 S.E.2d at 295. Plaintiff Leech filed a motion for judgment against the estate of the passenger who died and another passenger, and each defendant filed a counterclaim against the plaintiff. *Id.* at 956–57, 128 S.E.2d at 294. All of the claims were submitted to the same jury, which found in favor of the two defendants. *Id.* at 957, 128 S.E.2d at 294. On appeal, Leech argued that, because some of the claims were based on gross negligence and others on ordinary negligence, the case presented different issues that should have been tried separately. *Id.* at 960, 128 S.E.2d at 296.

The Court relied on the fact that "[t]he jury was fully instructed as to the type of negligence and the elements thereof necessary to be shown" for each claim, and, as such, the Court found it "impossible to conceive that the jury could have misinterpreted or misapplied the instructions, in view of the evidence, and concluded that gross negligence existed in [one] claim against Leech, simply because it found that ordinary negligence existed in [another] claim" against Leech. *Id.* at 961, 128 S.E.2d at 297. Ultimately, the Court held: "The issues presented by the respective claims were not difficult, unusual, or involved, or such as to confuse the jury. Needless delay, expense, and consumption of the court's time would have been involved in separate trials. It is the policy of the law to avoid this wherever possible." *Id.* Thus, relying on the trial court's discretion in ordering separate trials and the fact that the jury was instructed properly, the Court determined that the trial court had not erred in overruling the plaintiff's request for separate trials.

In *Allstate Ins. Co. v. Wade*, 265 Va. 383, 579 S.E.2d 180 (2003), the Supreme Court of Virginia considered whether the trial court should have bifurcated the jury's consideration of the compensatory and punitive damages issues. *Id.* at 387, 579 S.E.2d at 182. *Allstate Ins. Co.* involved a consolidated appeal from a judgment awarding compensatory and punitive damages for injuries suffered in a car accident. *Id.* The underlying accident involved two cars; the driver and passenger of one car were both intoxicated when their automobile collided head-on with a vehicle carrying three people. *Id.* at 387–88, 579 S.E.2d at 182. The driver and two passengers of the car that was hit filed motions for judgment against the driver and passenger of the other car, and the cases were consolidated prior to trial. *Id.* at 388–89, 579 S.E.2d at 182–83. The issues of compensatory and punitive damages were submitted to the jury, which found both defendants liable to

all plaintiffs for compensatory damages and found one of the defendants liable for punitive damages to the plaintiffs. *Id.* at 389, 579 S.E.2d at 183. On appeal, the defendants argued that the trial court erred in refusing to bifurcate the jury's consideration of the compensatory and punitive damages issues. *Id.* at 392, 579 S.E.2d at 185.

Citing *Clark v. Kimnach*, 198 Va. 737, 96 S.E.2d 780 (1957), the *Allstate Ins. Co.* Court discussed the "inherent authority" of trial courts to consolidate claims for trial but warned that trial courts "must be cautious to insure that separating or consolidating claims for trial does not prejudice the substantial rights of any party." *Id.* On the other hand, the Court also underscored the importance of "consider[ing] any resulting unnecessary delay, expense, or use of judicial resources that would flow from separate trials of the claims at issue." *Id.* In holding that the trial court did not err in refusing to bifurcate the issues, the Court recognized that the trial court had instructed the venire prior to jury selection that certain evidence was to be considered only for the purpose of determining compensatory damages and other evidence only for determining punitive damages. *Id.* at 393–94, 579 S.E.2d at 186. The Court also noted that the trial court's instructions to the jury at the conclusion of the evidence "distinguished between compensatory and punitive damages." *Id.* Ultimately, the Court found nothing in the record to suggest that the trial court's "refusal to bifurcate [the issues] . . . caused the jury to experience any greater difficulty in determining compensatory damages" than in an ordinary case in which the jury determines liability and compensatory and punitive damages. *Id.*

Most recently, the Supreme Court of Virginia, in *Centra Health, Inc. v. Mullins*, 277 Va. 59, 670 S.E.2d 708 (2009), affirmed its "clear support and approval of a trial court's discretion to bifurcate issues where appropriate in civil trials." *See* John P. Rowley, III, and Richard G. Moore, *Bifurcation of Civil Trials*, 45 U. Rich. L. Rev. 1, 27 (2010) (discussing bifurcation of civil trials as an effective tool in promoting judicial economy). *Centra Health, Inc.* involved an appeal regarding whether the trial court had erred in allowing a party to present multiple, alternative claims to the same jury. *Centra Health, Inc.*, 277 Va. at 63, 670 S.E.2d at 709. The Court determined that, because the issue of causation was contested, the administrators of an estate were not required to choose, at the pre-trial stage, between their alternative claims for wrongful death or a survival action for the decedent's personal injuries. *Id.* at 78–79, 670 S.E.2d at 719. The Court acknowledged the defendant's argument that permitting the plaintiff to present evidence regarding both claims might subject the defendant to "potential prejudice by the possibility that . . . the jury could conflate the differing elements of damages from each claim in rendering a single verdict." *Id.* at 78, 670 S.E.2d at 718. In response to this contention, though, the Court stated: "We are of the opinion, however, that a defendant can obviate this potential for prejudice by requesting that the trial be bifurcated into separate proceedings

to determine liability and damages." *Id.* Moreover, the Court recognized that bifurcation of liability and damages is "the most practical means" of avoiding prejudice to one party. *Id.* Thus, bifurcation of liability and damages proceedings provides a viable option when one party may suffer prejudice as a result of the consolidation of cases or specific issues.

Upon review of the statutory factors and relevant case law, this Court is persuaded that, with respect to liability alone, these cases satisfy the factors set forth in Virginia Code § 8.01-267.1, and that the interests of the parties and of the Court will be best served by conducting a consolidated trial on the issue of Defendants' liability. Whether the cases should be consolidated on the issue of damages will be discussed below.

The first element of Virginia Code § 8.01-267.1 requires that six or more plaintiffs bring separate civil actions that involve "common questions of law or fact and arise out of the same transaction, occurrence, or series of transactions or occurrences." Va. Code § 8.01-267.1(1). The following six individual suits have been filed:

1. Cheryl Bond v. Baker Roofing Co. et al. (CL 09-4116)
2. Lilibeth Taylor v. Baker Roofing Co. et al. (CL 09-4117)
3. Denise Black v. Baker Roofing Co. et al. (CL 09-4208)
4. Joan Sidwell v. Baker Roofing Co. et al. (CL 09-4209)
5. Monique Thomas v. Baker Roofing Co. et al. (CL 09-3735)
6. Lori Provost v. Baker Roofing Co. et al. (CL 10-4075)

Each of the six actions involves common questions of both law and fact and arises out of the same set of facts: (1) each Complaint alleges negligence against the same two defendants, Baker Roofing Co. and Hentz Engineering, Inc.; (2) each action stems from the individual plaintiffs' employment at CBN and work on the third floor of the same building; and (3) each action relates to the plaintiffs' alleged exposure to the same harmful products. Although the particular injuries suffered by each plaintiff are of varying degrees and severity, the chemicals and products used have allegedly caused the same general types of injuries. Therefore, the Court finds that the claims "involve common questions of law or fact," and that the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences." *See* Va. Code § 8.01-267.1(1).

The second prong of Virginia Code § 8.01-267.1 requires that the "common questions of law or fact predominate and are significant to the actions." Va. Code § 8.01-267.1(2). Certainly, the evidence presented at trial regarding the common questions of law and fact, which include, but are not limited to, the work performed by the defendants, the chemicals and products used, the precautions taken by defendants in using those products, the amount and extent of the exposure and emission of those products, the vicinity of the products to the plaintiffs, and the potency of the products

used, will "predominate" the proceedings and are "significant" to the outcome of the causes of action. With respect to the issue of the defendants' liability, the plaintiffs will present the same evidence and expert witnesses, and the cases will, of course, be against the same two defendants. Expert testimony regarding the facts at issue will almost certainly be the same for each of the plaintiffs' cases. Although the Court is aware that each plaintiff is unique and that the specific injuries suffered by each plaintiff are not identical, the Court finds that common issues predominate. *See Nguyen v. Venture Supply, Inc.*, No. 09 Civ. 3105 (Va. Cir. June 23, 2010), *petition for appeal refused*, No. 101314 (Va. Oct. 28, 2010) (holding that, although "each home and each plaintiff has unique attributes, . . . common issues predominate," and, consequently, ordering the consolidation of all issues for trial into groups of five or six plaintiffs for each trial). As such, with respect to this factor, the Court finds that the common issues of law and fact are, in fact, "significant to the actions." *See* Va. Code § 8.01-267.1(2).

The third factor of Virginia Code § 8.01-267.1 involves judicial economy and efficiency, the parties' right to due process of law, and potential undue prejudice to the parties' right to a fair resolution. Va. Code § 8.01-267.1(3). This factor is most troublesome to the defendants here, who argue that consolidation of the six cases will result in juror confusion and prejudice to their defense. *See* Baker's Br. in Opp'n 2–3, 9–11. The Court recognizes that the presentation of evidence regarding six plaintiffs before a single jury carries with it the possibility of resultant juror confusion; however, as discussed above, the evidence, expert witnesses, and testimony regarding liability, alone, is almost certain to be similar, if not identical and duplicative, in each of the six cases. Thus, the Court believes that, with appropriate jury instructions, the risk of juror confusion on the issue of liability is low, and, as such, the possibility of prejudice to the defendants, with respect to liability only, is outweighed by the judicial economy and efficiency of ordering a single trial on the issue of the defendants' liability.

Virginia Code § 8.01-267.1 instructs the court to consider certain factors, enumerated above, when determining whether consolidation is appropriate. Many of these factors have been discussed previously. As noted above, "the nature of the common questions of law or fact" is similar in each case; the plaintiffs worked for the same employer, in the same building, on the same floor, and the plaintiffs were exposed to the same chemicals and products. "Convenience of the parties, witnesses, and counsel" also weighs in favor of consolidation on the issue of liability. The same attorney represents all six plaintiffs, and the two named defendants and their attorneys are likewise the same in each case; thus, the "relative stages of the actions and the work of counsel" favors consolidation, as each case is nearly at the same stage in its litigation. Expense to the parties, both plaintiffs and defendants, is also of concern to the Court. The expense of expert witnesses, alone, weighs heavily in favor of consolidation because,

as discussed above, expert testimony and evidence is likely to be the same regarding the defendants' liability. This fact also leads the Court to conclude that "efficient utilization of judicial facilities and personnel," as well as the court's calendar, will benefit from consolidation.

Although the plaintiffs' injuries vary, evidence and proof related to cause and exposure will likely be duplicative for each claim. Were the Court to order six separate trials on the issue of liability, expert witness fees, alone, would simply be staggering for all parties involved, and the defendants' attorney's fees for separate trials would also be exorbitant. Lastly, "the likelihood of prompt settlement" may be increased upon the entry of an order consolidating the cases for trial on the issue of liability. For instance, if the defendants prevail on the issue of liability, no further action is required at the trial court level. If the plaintiffs prevail, defendants may be more likely to settle the pending injury claims. Simply put, the presentation of the same evidence, expert witnesses, proof, and testimony, in six separate trials regarding the issue of liability would result in unnecessary repetition and delay and, in essence, would constitute a waste of the Court's, the parties', and the witnesses' time, money, and resources.

Although the Court finds that consolidation is appropriate on the issue of the defendants' liability, whether to consolidate on the issue of damages is more troublesome. In order to avoid the possibility of undue prejudice to either party, the Court may order that a trial be bifurcated into separate proceedings to determine liability and damages. *See Centra Health, Inc. v. Mullins*, 277 Va. 59, 78, 670 S.E.2d 708, 718 (2009). In fact, the Supreme Court of Virginia has recognized that separating liability and damages issues is "the most practical means" of avoiding prejudice to a party. *Id.* "Courts favor bifurcation of liability and damages, because a finding of no liability is case-dispositive. On the other side of the same coin, a finding of liability often furnishes an impetus for the defendant to seek to negotiate settlement." John P. Rowley, III, and Richard G. Moore, *Bifurcation of Civil Trials*, 45 U. Rich. L. Rev. 1, 9 (2010). In the present case, the defendants allege that "plaintiffs' deposition testimony and medical records and reports reveal significant differences in duration and severity of symptoms, the parts of the body affected, and the nature and extent of pre-existing conditions." Baker's Br. in Opp'n 3. Although some of the plaintiffs have experienced the same symptoms, the severity and particularities of each plaintiff's symptoms and experiences vary widely. For example, Plaintiff Cheryl Bond alleges that her symptoms included headaches, nausea, pain in her legs, gait changes, bilateral leg weakness, bilateral peroneal neuropathy, and toxic encephalopathy. Plaintiff Lilibeth Taylor alleges that she suffered from, among other symptoms, pain in her legs, gait changes, bilateral leg weakness, bilateral peroneal neuropathy, and toxic encephalopathy. Plaintiff Denise Black states that she experienced a variety of symptoms including chronic hoarseness, laryngitis, and tingling

and numbness in her hand. Plaintiff Joan Sidwell experienced various symptoms including certain respiratory pains, sore throat, hoarseness, difficulty breathing, headaches, and dizziness. Plaintiff Monique Thomas alleges that she suffered from a chronic sore throat, exacerbation of asthma and a respiratory condition, hoarseness, coughing, shortness of breath, and body aches. Plaintiff Lori Provost alleges that her symptoms included shortness of breath, chest pain, headaches, and lightheadedness.

Several of the named plaintiffs also suffer from certain pre-existing medical conditions that may, in some way, contribute to or affect the symptoms experienced by these plaintiffs. Additionally, several doctors have reported differing degrees of the severity and nature of the plaintiffs' injuries. Some of the plaintiffs' injuries may be relatively minor, while others may be more severe, disabling, and debilitating. Although many of the injuries alleged by the various plaintiffs are somewhat similar in nature and juries routinely hear automobile accident cases involving plaintiffs who experience different injuries, *see, e.g., Allstate Ins. Co. v. Wade*, 265 Va. 383, 579 S.E.2d 180 (2003), and *Clark v. Kimnach*, 198 Va. 737, 96 S.E.2d 780 (1957), there exists enough variety in the severity and duration of symptoms, parts of the body affected, and the nature and extent of pre-existing conditions experienced by each of the six plaintiffs to raise concerns regarding potential juror confusion with respect to the damages suffered by each of the six plaintiffs. As such, in order to avoid any potential prejudice to the defendants and to avoid the possibility of juror confusion in determining the extent of the six individual plaintiffs' injuries, the Court will consolidate the six cases with respect to liability issues only. With regard to damages, the Court will conduct separate proceedings after the issues of liability have been determined at the trial court level.

*Conclusion*

In sum, the Court finds that the cases shall be consolidated for the purpose of a single trial on the issue of the defendants' liability to the plaintiffs. Upon the conclusion of that trial, if necessary, the Court will hold individual trials on the issue of damages.