DECISION
Before this Court is Defendant Foster Wheeler's Motion to Consolidate. In its motion, Defendant Foster Wheeler (Foster Wheeler) moves to consolidate Oliver Hopkins andMary Hopkins v. Buffalo Pumps, Inc., Inc. (Hopkins II), No. PC 09-1221 (filed Feb. 27, 2009) with Oliver Hopkins and MaryHopkins v. Browne Sharpe, Inc., Inc. (Hopkins III), No. PC 10-4675 (filed Dec. 22, 2010).[1] Plaintiffs Oliver M. Hopkins and Mary L. Hopkins (collectively, Plaintiffs) object to this motion. Hopkins III Defendants, Taco, Inc. and Browne Sharpe, also object to this motion. Additionally,Hopkins III Defendant General Electric objects based on prejudice if the trial date is not continued but supports the motion, if the date is continued. *Page 2 
 I Facts and Travel
In Hopkins II, Plaintiffs allege that Oliver Hopkins (Mr. Hopkins) was exposed to Defendant Foster Wheeler's asbestos-containing products, which caused and/or contributed to his development of mesothelioma. Mr. Hopkins was allegedly exposed to these products through his position as a laborer and maintenance worker at Mobil Oil and Tucson Gas Electric from 1946 through 1981. Plaintiffs filed their complaint in HopkinsII on February 27, 2009. That case is set for trial on May 9, 2011.
Similarly, in Hopkins III, Plaintiffs allege that Mr. Hopkins was exposed to Defendants Taco, Inc., Browne Sharpe, and General Electric's (collectively, Hopkins III Defendants) asbestos-containing products through his work as a laborer at Mobil Oil and Tucson Gas Electric. Plaintiffs filed the complaint in this case on December 22, 2010. Hopkins III currently has no trial date, and the parties have yet to complete discovery.
In its motion, Defendant Foster Wheeler avers that consolidation of Hopkins II and Hopkins III is warranted because the matters share identical issues of fact and law and consolidation will preserve judicial economy. Plaintiffs, however, object becauseHopkins II is close to trial, while Hopkins III, they note, has yet to have completed discovery. Therefore, they contend that consolidation of the matters will prejudice the HopkinsIII Defendants and Plaintiffs. Hopkins III Defendants similarly argue that prejudice will result from consolidation because of the upcoming trial date in Hopkins II. Moreover, Plaintiffs opine that third party demands, instead of consolidation, are the proper method to handle Foster Wheeler's complaints. *Page 3 
 II Analysis
Pursuant to Super. R. Civ. P. 42,
 "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Super. R. Civ. P. 42(a)
A trial justice may consolidate matters in her discretion when it will further the interests of convenience and economy of administration. Mendes v. Mendes,111 R.I. 571, 577-78, 305 A.2d 97, 101 (1973); Giguere v. YellowCab Co., 59 R.I. 248, 259, 195 A. 214, 216 (1937); Robert B. Kent et al., 1 Rhode Island Rules of Civil Procedure withCommentaries § 42:2 (2010). Despite any identical issues of fact and law, consolidation of matters will, nevertheless, be inappropriate when it might result in confusion or prejudice.Sciarra v. Hillelsohn,87 R.I. 8, 10, 137 A.2d 417, 419 (1957).
All interested parties recognize that Hopkins II andHopkins III share identical issues of fact and law because the claims and alleged exposure sites within each matter are identical. Thus, Plaintiffs' and Hopkins III Defendants' objections are based on the potential resulting prejudice. Specifically, Hopkins III Defendants maintain that they are not prepared for the Hopkins II trial date and, therefore, will be unduly prejudiced by consolidation. Plaintiffs also contend that they would be prejudiced by consolidation if the case were continued to allow Hopkins III Defendants to prepare.
Nevertheless, consolidation of Hopkins II and HopkinsIII would further the interests of judicial economy and convenience because the issues of fact and law are *Page 4 
identical. This Court remains aware of the previous confusion regarding the trial date for Hopkins II, and the continuances of that date. Given such a case travel, this Court finds that a short continuance is appropriate in this circumstance. Continuing the trial to a date in the near future eliminates the prejudice to both the Hopkins III Defendants, who will then have time to adequately prepare for trial, and Plaintiffs, who will still have their trial without undue delay. This Court is satisfied that consolidation, along with a continuance, will further the interests of judicial economy by trying matters involving the same issues and transactions together, while not prejudicing the substantial rights of any party.[2] See Giguere,59 R.I. at 259, 195 A. at 216-17.
A consolidation, this Court makes clear, is for trial purposes only and does not result in the merger of these matters into one action. Martin v. Lilly, 505 A.2d 1156, 1159 (R.I. 1986). Indeed, in Rhode Island, it is axiomatic that each cause of action remains distinct within a consolidation. School Comm. of the Cityof Cranston v. Bergin-Andrews, 984 A.2d 629, 647 (R.I. 2009) (citing Giguere, 59 R.I. at 251, 195 A. at 216); see
Kent, 1 Rhode Island Rules of Civil Procedure withCommentaries, § 42:2. Thus, despite their consolidation for trial, Hopkins II and Hopkins III will remain separate, and judgments will be entered under their respective docket numbers.See Martin, 505 A.2d at 1159. *Page 5 
 III Conclusion
For the foregoing reasons, this Court grants Defendant Foster Wheeler's Motion to Consolidate Hopkins II, No. PC 09-1221, with Hopkins III, No. PC 10-4675, for trial. The trial date of May 9, 2011 for Hopkins II will be rescheduled. This Court will set a trial date for these consolidated matters on May 4, 2011. Counsel shall submit an appropriate judgment for entry.
[1] In its motion, Foster Wheeler included Oliver Hopkins andMary Hopkins v. A.O. Smith Corporation ("Hopkins I"), No. PC 09-1222 (filed Feb. 27, 2009). Since the filing of Foster Wheeler's motion, all claims within Hopkins I have been resolved. Accordingly, Foster Wheeler has conceded that this Court need not consider Hopkins I for consolidation.
[2] Recognizing that judicial economy is served by trying these matters together, this Court also notes that the within decision does not bar any party from making third party demands pursuant to Super. R. Civ. P. 14, as Plaintiffs propose. *Page 1